**The CITY OF GARY, Indiana and City of Gary, Indiana Fire Department, Appellants (Defendants Below),**

v.

**Joseph BELOVICH and Bernice Belovich, Appellees (Plaintiffs Below).**

No. 45A03–8607–CV–199.

Court of Appeals of Indiana, Third District.

Feb. 19, 1987.

Rehearing Denied March 25, 1987.

Alton L. Gill, Jr., Corp. Counsel, Tina L. Garrett, Asst. City Atty., Gary, for appellants.

James J. Nagy, Munster, for appellees.

HOFFMAN, Judge.

The City of Gary appeals the summary judgment entered in favor of Joseph and Bernice Belovich finding that title to certain land located in Lake County, Indiana should be quieted in the Beloviches. The essential facts are as follows.

The property in question is situated in the City of Gary and is legally described as:

"Lots 3, 4 and 5 in Block 7 in Gateway of the Dunes, in the City of Gary, as per plat thereof, recorded in Plat Book 20, page 4, in the Office of the Recorder of Lake County, Indiana."

and commonly known as 380 So. Grand Boulevard, Gary, Indiana.

The Beloviches acquired their interest in the real estate by a Commissioners' Deed executed by the Board of County Commissioners of Lake County, Indiana on December 10, 1984. The Commissioners Deed was recorded in the Lake County Recorder's Office on January 7, 1985 as Document Number 787148. The Board of County Commissioners' interest rested on a tax deed issued on September 24, 1984, after the record owners failed to pay the property taxes due on the land.

John F. Mravca and Judith Mary Ann Mravca were the record owners of the property at the time the Beloviches acquired and recorded the Commissioners' Deed. The Mravcas were initially parties to this action, but disclaimed any interest in the property, because they had sold the land to the City of Gary in 1970. The City, however, did not record its deed until May 23, 1985, more than four months after the Beloviches recorded their deed and more than two months after this action was initiated.

The record further reveals that the City of Gary's Fire Station No. 7 is located on the property. The fire station has been in service since 1974.

As restated, Gary raises three issues. These are:

(1) whether the Commissioners' Deed was properly admitted into evidence;

(2) whether the trial court erred in finding that a certificate of sale had been issued to Lake County at least one year prior to the date of the tax deed; and

(3) whether the tax deed is void because it supposedly implies that the land was sold for taxes which had not yet become delinquent.

By the first allegation of error the City questions the Commissioners' Deed's admission into evidence. The record reveals that the Beloviches initially introduced the Commissioners' Deed through their request for admissions. In the request the City was asked to admit the genuineness of the Commissioners' Deed. The City's response was:

"1. Defendants deny Plaintiffs' allegation one. All documents attached to Plaintiffs' request are photostatic copies of documents; the originals have not been seen by defendants."

The Beloviches filed a motion to compel directed at the City's responses to certain separately filed interrogatories and to the response to the request for admissions. After a hearing the trial court found "[t]he Plaintiffs entitled to relief as to Rhetorical Paragraph One of their Request for Admissions[.]" Accordingly the trial court held

that the documents "must be deemed admitted."

In its motion to correct errors, and on appeal the City has abandoned its objection based on the photocopies. Instead, the City now argues that the trial court erred in admitting the documents, because they were not properly authenticated.

The documents submitted to the trial court were authenticated by a certificate signed by the Auditor of Lake County. The City asserts that this was insufficient and the documents could only have been authenticated by the County Recorder.

Initially, it is clear that the City has waived appellate review of its new argument. It is axiomatic that an issue cannot be raised for the first time in the motion to correct errors or on appeal. *Allen v. Scherer* (1983), Ind.App., 452 N.E.2d 1031. Ind. Rules of Procedure, Trial Rule 36(A) requires that a request for admission be specifically denied. Here the City denied the Beloviches' request solely on the grounds that the documents were photostatic copies,[1] and the trial court properly rejected this denial. *See*, IND.CODE § 34–1–17–7 (1982). It is true that IND.CODE § 34–1–17–7 has a further requirement that copies be authenticated, but the City did not contest this issue in its denial.

Notwithstanding waiver, the City's argument alleging improper authentication is also incorrect. Ind. Rules of Procedure, Trial Rule 44(A) permits a copy of an official record to be proved by the attestation of the record's legal custodian. *See also,* IND.CODE § 34–1–17–7.

■ Normally, as the City asserts, the County Recorder is the custodian for records of deeds. *See e.g.,* IND.CODE § 36–2–11–8 (1982). However IND.CODE § 36–2–2–11 makes the County Auditor responsible for maintaining the records of the County Commissioners. The Commissioners' Deed in question here is a record of an action taken by .the Lake County Board of Commissioners and therefore the County Auditor was also a proper official

to authenticate the deed, and the trial court correctly found it admissible.

The City next asserts that the trial court erred by presuming that a certificate of sale had been issued to Lake County at least a year prior to the date of the tax deed. Issuance of a certificate of sale is one of the statutory steps in a tax sale, and so, for the sake of clarity, it is necessary to set out at least the pertinent parts of the statutory scheme for tax sales.

Property initially becomes eligible for tax sale when the taxes are delinquent for fifteen months or more. IND.CODE § 6–1.1–24–1 (1982). If, after two years from the date that the property is first offered for sale, no legally sufficient bid is received, then the County acquires a lien on the property in an amount equal to the minimum sale price. IND.CODE § 6–1.1–24–6. Immediately after the County acquires its lien the County Auditor issues a certificate of sale to the County. IND.CODE § 6–1.-1–24–9. The effect of the certificate of sale is to begin the running of the period of redemption. If a certificate of sale issued to a County is not redeemed within one year, then the County Auditor issues a tax deed to the County in exchange for the certificate of sale. IND.CODE § 6–1.1–25–4(a) (1982).

When the Auditor executes a tax deed the certificate of sale is cancelled and placed on file. IND.CODE § 6–1.1–25–4(b). The Auditor can, however, issue a tax deed without a certificate of sale, if he is satisfied that the certificate did exist. IND. CODE § 6–1.1–25–4(a). Finally the tax deed itself is presumptive evidence of the regularity of all prior proceedings in the tax sale process. IND.CODE § 6–1.1–25–4(d).

The City of Gary argues that the trial court erred in presuming that the certificate of sale had been issued at least one year prior to the date the tax deed was issued, because there was no evidence that the certificate had ever been issued. The City's argument is unfortunately misdirected.

---

**1.** The record does not contain a transcription of the hearing on the motion to compel. Thus the only record of the City's grounds is the above-cited document.

As this scheme indicates, tax sales are entirely statutory. For the sale to be valid each step must be materially complied with. *Allen v. Gilkison* (1921), 76 Ind.App. 233, 132 N.E. 12. While tax sales are subject to close judicial scrutiny, this suspicion is balanced by recognition of the salutary purposes that tax sales serve. Thus the tax deed creates a presumption that the sale and all steps leading to the deed's issuance are proper. This presumption stands until the party assailing the validity of the sale comes forward with affirmative evidence in rebuttal. *Peterson v. Warner* (1985), Ind.App., 478 N.E.2d 692.

The trial court correctly presumed that the certificate of sale had been issued. Issuance of the certificate of sale is part of the process that culminates in the tax deed and IND.CODE § 6–1.1–25–4(d) therefore creates the presumption that the certificate was issued. In order to overcome this presumption, the City was required to introduce affirmative evidence that the certificate was not issued.

The City is correct in its statement that there is no evidence in the record that the certificate was ever issued, but it is equally true that there is no evidence that the certificate was ever not issued. The City had the burden to come forward with this evidence and its failure leaves a void in the facts. "Courts cannot act upon the assumption that a state of facts exists which has not been proved[.]" *Muncie Building Trades Council v. Umbarger* (1938), 215 Ind. 13, 16, 17 N.E.2d 828, 829. The City made no attempt before summary judgment was granted to prove that the certificate had not been issued. The presumption therefore stood unrebutted and the trial court did not err.

The City of Gary's final issue regards the tax deed itself. The City contends that the sale is voidable, because the deed reveals that the land was sold for taxes that were not yet delinquent and that the deed reveals that the property was not subject to the taxes for which it was sold, in that it was offered for sale for taxes that had not yet been assessed.

In pertinent part, the tax deed reads as follows:

"TAX DEED TO COUNTY

STATE OF INDIANA }
}  SS:
COUNTY OF LAKE }

WHEREAS: It appears from the records of the County Auditor of Lake County, Indiana, that on the 14th day of August, 1978, the same being the second Monday of August in said year, within the hours prescribed by law, County Treasurer of said County after publication of notice of such sale as required by law, and that such offer of sale was continued from day to day until the first Monday of December, in such year, and that the lands and lots hereinafter described remained unsold on said first Monday of December, no person having bid therefore a sum equal to the delinquent taxes thereon.

WHEREAS: It appears that such real estate hereinafter described and so offered for sale had been advertised and offered for sale of delinquent taxes for two years or more, or upon which taxes were delinquent for five years or more at the time of the passage of Chapter 224 of Acts of 1941, and amendments thereto.

WHEREAS: That on said first Monday of December, 1982, the County Auditor of said County, bid in said lands and lots for said Lake County for the sum of dollars and cents, that being the amount of delinquent taxes and cost thereon, together with subsequently accrued delinquent taxes and penalties thereon, on the land and lots hereinafter described and returned delinquent in the names of the following owners for non-payment of taxes, costs and charges for the years

1981 PAYABLE 1982

which lands and lots have been recorded among other tracts in the office of said Auditor, as delinquent for the non-payment of taxes, costs and charges for the years last aforesaid, and a true copy of said record transmitted to the Office of

the Auditor of State, in the manner and form prescribed by law, and legal publication made of the sale of said lands. It appearing that the time fixed by law for redeeming the land and lots herein describe [sic] having now expired, and the said following named owners nor any persons in their behalf, nor any other person having an interest therein has redeemed the same by paying the full amount of the sum for which together with all taxes, interest and penalties that have sequently [sic] accrued on such land."

The deed then concludes with a description of the properties and the formal words of conveyance.

The City's argument is based on the third paragraph of the deed which it interprets to mean that the land was offered for sale in 1978 for non-payment of 1981 property taxes and to mean that the land was purchased by the County on the first Monday in December 1982 for 1981 taxes that had not yet become legally delinquent.

■ This deed, which conveyed thirteen parcels of land in addition to the ones in question here, outlines the entire process leading up to the issuance of the tax deed. Based on this deed it is clear that this process was in accord with the statutory scheme. The first paragraph indicates that the land was initially offered for sale on August 14, 1978 for taxes that were then delinquent. The second paragraph states that the offer for sale was continued for at least two years.

The third paragraph is primarily a recitation of the consideration that the Lake County Auditor technically bid for land. This payment, which is by statute only technical, see IND.CODE § 6–1.1–24–6(c) (1982), was composed of the amount of taxes that were delinquent in 1978 when the land was first offered for sale, plus the taxes that became delinquent after 1978, and plus the taxes that were payable in 1982 when the Auditor bid on the land. The paragraph concludes that the period of redemption had expired, which is the last statutory hurdle before the deed could properly be issued.

The process described in the deed is merely a condensed version of the statutory scheme and the purchase price is fully consonant with statutory requirements. IND.CODE § 6–1.1–24–5 (1982) provides that the minimum price for which land may be sold at tax sale is the sum of the delinquent taxes, regardless of whether they have been delinquent for fifteen months, plus the taxes due and payable in the year of the sale, plus penalties and costs. Thus, it is true, as the City contends, that the property was sold for 1981 property taxes which were not yet legally delinquent, but it is also true that this was entirely within, and even required by the statute.

The City's second avenue of attack is simply refuted by the deed itself. The City asserts that the property was not subject to the taxes for which it was sold, which is one of the seven bases for defeating a tax deed. See, IND.CODE § 6–1.1–25–16 (1982).[2] The City argues that the deed

2. The City's choice of this statutory section is somewhat bemusing, because the City comes tantalizingly close to what our research reveals to be the underlying and regrettably, unargued error in this case. IND.CODE § 6–1.1–10–5(a) (1982) provides:
"Property is exempt from property taxation if it is owned by a city or town and is used to provide a municipal service."
Thus, since the property here was used for a fire station, in the normal case it truely would not have been subject to the taxes for which it was sold. This statute would not, by itself, resolve the issue, because the City's unexplained failure to record its deed creates unique analytical difficulties. This issue has, however, been at least tangentially addressed in prior cases.

In *McCaslin et al. v. The State, ex rel. Auditor of State* (1885), 99 Ind. 428, the Supreme Court in part ruled that because state-owned property is tax exempt, a tax deed conveying state property was void, *ab initio*, despite the fact that record title was in another party. *McCaslin* did involve elements of fraud not present here, but the decision was not premised on the fraud. Holding the Beloviches' tax deed void would, therefore, seem to be the legally correct result; except that this theory was not argued in the trial court, beyond an abortive summary judgment motion. This theory was not even arguably presented in the motion to correct errors and has not been raised on appeal. The Court of Appeals, as a court of review, is constrained to make its decisions based upon only those issues properly preserved and presented. *See*

states that the property was offered for sale in 1978 for 1981 taxes. On the contrary, the deed states that the property was offered for sale in 1978 for taxes then delinquent, and then in 1982 the Auditor purchased the property for a price that correctly included 1981 property taxes.

The City has failed to establish any error in the trial court's ruling, and it has failed to sustain its burden of overcoming the prima facie case created by the tax deed's statutory presumptions. Therefore this case must be affirmed.

Affirmed.

GARRARD, P.J., and STATON, J., concur.

e.g., *Hooten et al. v. Alt et al.* (1963), 244 Ind. 93, 191 N.E.2d 13; *City of Michigan City v. Lake Air Corp.* (1984), Ind.App., 459 N.E.2d 760; *Zalewski v. Simpson* (1982), Ind.App., 435 N.E.2d 74.