Saveen KONDAMURI, Appellant–
Petitioner,

v.

Jayasri KONDAMURI, Appellee–
Respondent.

No. 45A03–0305–CV–189.

Court of Appeals of Indiana.

Dec. 9, 2003.

Debra Lynch Dubovich, Levy & Dubovich, Highland, IN, Attorney for Appellant.

James M. Kapitan, Rice & Kapitan, Thomas C. O'Donnell, Highland, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Saveen Kondamuri ("Husband") argues that the trial court erred when it granted the motion to dismiss of Jayasri Kondamuri ("Wife"). We find that the residency requirements for a dissolution petition call

into question a trial court's jurisdiction over the particular case and not its subject matter jurisdiction. We also find that because Wife did not seek affirmative relief from the trial court and because she objected to the trial court's jurisdiction over the particular case at the earliest opportunity possible, she was not barred from challenging the trial court's jurisdiction. Consequently, we affirm.

### Facts and Procedural History

Husband and Wife were married in November 1993 and lived in Illinois starting in May 1994. At that time, Husband was completing his medical residency requirements in Chicago. While still living in Illinois, Husband and Wife had a child together in December 1998. In August 1999, Wife, who also had been trained as a medical doctor, moved to Boston, Massachusetts, to perform medical research in the hopes of gaining entry into a medical residency program. Husband remained in Illinois with their child.

In May 2001, even though Husband lived with his parents in Orland Park, Illinois, he obtained an Indiana driver's license and registered to vote in Indiana. Husband used his brother's Indiana address as his place of residence because he "was weighing [his] options" and "may have thought about moving in with [his] brother." Tr. p. 64.

In September 2001, Husband rented an apartment in Schererville, Indiana, which he furnished with a plastic patio chair and a sleeping bag. During his testimony, Husband originally testified the address of the apartment was 704 Moraine Trace, and then he stated it was 714 Moraine Trace. The actual address of the apartment was 724 Moraine Trace. While signing the lease, Husband informed the landlord that he wanted an apartment near Merrillville, his place of employment, in the event he needed to sleep between performing medi-cal procedures. Husband estimated that he stayed at the apartment one or two nights per week, and the other nights he would stay in Illinois with his parents. Husband and Wife's child regularly attended pre-school in Illinois from the time she was two until February 2003.

In August 2002, Husband filed for dissolution of marriage in Indiana, alleging that he had been a continuous resident of the state for at least the preceding six months and a Lake County resident for at least the preceding three months. Wife was served with a copy of the dissolution petition while in Massachusetts. She did not attend, in person or by counsel, the provisional hearing involving the dissolution. Instead, in December 2002, Wife filed for dissolution of marriage in Illinois.

Thereafter, Husband moved for discovery sanctions in the Indiana dissolution case. On January 9, 2003, Wife's attorney filed an appearance and sought a continuance of the discovery sanctions hearing ("discovery hearing continuance"). Wife made no other request at that time. On January 14, 2003, Wife filed a motion to dismiss, challenging the jurisdiction of the Indiana trial court, and a motion to continue the final hearing ("first final hearing continuance"). The motion to continue the final hearing was granted. In early April 2003, Wife sought another continuance of the final hearing ("second final hearing continuance"), in which she requested that "the hearing presently set be continued, and for all other just and equitable relief in the premises." Appellant's App. p. 152. In mid-April 2003, the trial court heard arguments and testimony on Wife's motion to dismiss, which it granted. In granting the motion to dismiss, the trial court found that:

> Clearly this Court has general subject matter jurisdiction over dissolution of marriage cases. However, [Wife] chal-

lenges this Court's jurisdiction over this particular case.

. . . .

Based upon the evidence presented at the April 16, 2003 hearing, the Court finds that [Husband] has not met the residency requirements of Indiana Code [§] 31–15–2–6.[1]

The Court further finds that [Wife] timely objected to this Court's jurisdiction by filing her Motion to Dismiss within a week of her attorney entering his appearance on her behalf.

Appellant's App. p. 8. Husband now appeals.

### Discussion and Decision

Husband argues that the trial court erred when it granted Wife's motion to dismiss. In particular, Husband contends that whether he met the residency requirements for dissolution implicates the trial court's jurisdiction over the particular case. As such, Husband argues that Wife is barred from challenging the trial court's jurisdiction because she sought affirmative relief from the trial court and because she failed to object at the earliest opportunity possible. By contrast, Wife counters that the residency requirements involve the trial court's subject matter jurisdiction, and therefore, she could not waive her objection. We address each of these arguments.

A court's jurisdiction either exists or does not, and the question of a court's jurisdiction is therefore a question of law that is not entrusted to the trial court's discretion but rather is reviewed *de novo*. *In re Paternity of M.R.*, 778 N.E.2d 861, 863 (Ind.Ct.App.2002), *reh'g granted*

*on other grounds*. To the extent that the existence of jurisdiction must be determined on the basis of disputed facts, the trial court's determination of jurisdictional facts is reviewed for clear error. *Id.*

### I. Jurisdiction

In this case, Husband contends that the failure to satisfy the residency requirements found at Indiana Code § 31–15–2–6 implicates the trial court's jurisdiction over the particular case. Wife counters that the failure to meet the residency requirements calls into question the trial court's subject matter jurisdiction. We agree with Husband.

There are three types of jurisdiction: (1) jurisdiction of the subject matter, (2) jurisdiction of the person,[2] and (3) jurisdiction over the particular case. *In re Guardianship of K.T.*, 743 N.E.2d 348, 351 (Ind.Ct.App.2001). Subject matter jurisdiction refers to the power of courts to hear and decide a class of cases. *Id.* The issue of subject matter jurisdiction is resolved by determining whether the claim involved falls within the general scope of authority conferred on the court by the Indiana Constitution or by statute. *Adler v. Adler*, 713 N.E.2d 348, 352 (Ind.Ct.App. 1999). When courts lack subject matter jurisdiction, their actions are void *ab initio* and may be attacked at any time. *In re K.T.*, 743 N.E.2d at 351. On the other hand, jurisdiction over the particular case refers to a trial court's right, authority, and power to hear and decide a specific case within the class of cases over which a court has subject matter jurisdiction. *Id.* A judgment rendered by a court that lacks jurisdiction over the particular case is

---

1. Husband does not challenge the trial court's determination that he was not a resident of Indiana.

2. Wife also challenged the trial court's jurisdiction over her person; however, because of how we resolve the other jurisdictional issues, we need not address this argument.

voidable and requires a timely objection or the lack of jurisdiction over the particular case is waived. *Id.*

The parties do not direct us to any case that explicitly resolves the issue of whether the residency requirements involve a court's subject matter jurisdiction or its jurisdiction over the particular case. In support of her argument that the residency requirements for dissolution implicate the trial court's subject matter jurisdiction, Wife cites to several court of appeals decisions. *See Burbach v. Burbach*, 651 N.E.2d 1158, 1161 (Ind.Ct.App.1995) ("one of the parties in this dissolution proceeding met the residency requirement for purposes of subject matter jurisdiction"); *Person v. Person*, 563 N.E.2d 161 (Ind.Ct.App. 1990), *trans. denied; Payne v. Payne*, 90 Ind.App. 594, 169 N.E. 475 (1930); *see also Skiles v. Skiles*, 646 N.E.2d 353, 355 (Ind. Ct.App.1995) ("In Indiana, a divorce court does not obtain subject matter jurisdiction unless at least one party has been an Indiana resident ...."), *trans. denied; Orejuela v. Orejuela*, 494 N.E.2d 329, 331 (Ind.Ct.App.1986) ("If neither of the parties meets this [residency] requirement, the court does not have subject matter jurisdiction to hear the case."). However, none of these cases turned on whether the residency requirements implicated the subject matter jurisdiction of the court or its jurisdiction over the particular case. Rather, these cases were decided on whether a party had met the residency requirements. Accordingly, we do not feel bound by the language of these cases.[3]

Instead, for guidance, we look to an Indiana Supreme Court case that addressed the distinction between subject matter jurisdiction and jurisdiction over the particular case in the child custody context. In *Williams v. Williams*, 555 N.E.2d 142 (Ind.1990), Bonnie and Charles were married in Illinois in 1974. Both of their children, a son and a daughter, were born in Illinois. Bonnie and Charles both resided in Illinois until 1982, when Charles moved to Indiana. In 1987, the daughter joined her father to live in Indiana, and the son remained in Illinois with his mother. Shortly after his daughter moved to Indiana, Charles filed for dissolution in Indiana and sought custody of his daughter. The trial court dissolved the marriage, but it made no finding as to the custody of the children. In 1988, Bonnie filed a request with the Indiana trial court to adjudicate the unresolved issues, including child custody. Upon additional inquiry, Bonnie explicitly consented to the Indiana trial court's exercise of jurisdiction. Thereafter, the trial court awarded custody of both children to Charles.

On the initial appeal of the *Williams* case to this Court, another panel reversed the child custody decision finding that the trial court lacked subject matter jurisdiction to determine custody of the son, who was a resident of Illinois. The father sought transfer, and the Indiana Supreme Court reversed the court of appeals. In its decision, the supreme court explained the interplay between Indiana Code § 31–1–11.5–3,[4] the statute that created the causes of action for dissolution and child

---

**3.** As further explained below, to the extent that other court of appeals cases are read to suggest that the residency requirements in dissolution proceedings pertain to subject matter jurisdiction, we find that this is an erroneous interpretation.

**4.** At the time of the *Williams* decision, Indiana Code § 31–1–11.5–3, which created causes of action, stated:

There shall be the following causes of action:

(a) Dissolution of marriage....

(b) Child support.

(c) Legal separation....

support, and Indiana Code § 31–1–11.6–3,[5] the specific statute addressing jurisdiction in child custody matters. In particular, the supreme court found that the statute creating the causes of action for dissolution and child support was the source of the trial court's subject matter jurisdiction to hear child custody cases. *Id.* at 144–45 (citing *State ex rel. Hight v. Marion Superior Court*, 547 N.E.2d 267, 270 (Ind. 1989)). The court went on to find that the "jurisdictional limitations imposed by [the child custody statute] are not equivalent to declarations of subject matter jurisdiction, but rather are refinements of the ancillary capacity of a trial court to exercise authority over a particular case. This exercise of authority is waivable." *Williams*, 555 N.E.2d at 145.

Similarly, in this case, we find that Indiana Code § 31–15–2–2, which provides in its entirety that "[a] cause of action for dissolution of marriage is established[,]" grants broad authority to Indiana trial courts to hear dissolution cases. Accordingly, we conclude that the trial court here had subject matter jurisdiction to hear Husband's dissolution petition.

Moreover, the residency requirements for filing a dissolution action are found at Indiana Code § 31–15–2–6, which states:

(a) At the time of the filing of a petition [for dissolution], at least one (1) of the parties must have been . . . a resident of Indiana . . . for six (6) months immediately preceding the filing of the petition. (b) At the time of the filing of a petition [for dissolution], at least one (1) of the parties must have been . . . a resident of the county . . . where the petition is filed for three (3) months immediately preceding the filing of the petition.

In light of the supreme court's decision in *Williams*, we conclude that this statute determines the particular cases over which a trial court may exercise its subject matter jurisdiction. In particular, at least one party must be an Indiana resident for six months and a resident of the county where the action is filed for three months. Where these requirements are not met and there is an objection, the trial court may not exercise its jurisdiction over that particular case. Therefore, we find that the failure to meet the residency requirements for filing a dissolution action implicates a trial court's jurisdiction over a particular case rather than its subject matter jurisdiction.

## II. Objection to Jurisdiction

We turn now to the facts and circumstances of this case to decide whether Wife preserved her objection for appeal. Husband contends that Wife did not preserve her objection to the trial court's jurisdiction over the particular case because she sought affirmative relief from the trial court and because she failed to object at the earliest opportunity possible. Unlike the lack of subject matter jurisdiction, the lack of jurisdiction over the par-

**5.** At the time *Williams* was decided, Indiana Code § 31–1–11.6–3, which dealt with jurisdiction for child custody determinations, read in pertinent part:

A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) this state . . . is the home state of the child at the time of commencement of the proceeding . . . ; or
(2) it is in the best interest of the child that a court of this state assume jurisdiction . . . ; or
(3) the child is physically present in this state . . . ; or
(4) . . . it appears that no other state would have jurisdiction. . . .

ticular case must be raised at the earliest opportunity possible or the objection is waived. *Foor v. Town of Hebron,* 742 N.E.2d 545, 549 (Ind.Ct.App.2001). Moreover, a party shall be estopped from challenging the court's jurisdiction where the party has voluntarily availed itself or sought the benefits of the court's jurisdiction. *Herdrich Petroleum Corp. v. Radford,* 773 N.E.2d 319, 323 (Ind.Ct.App. 2002), *reh'g denied, trans. denied.* Whether a party should be estopped depends on the facts and circumstances of each case. *Id.*

### A. Affirmative Relief

■ Husband contends that Wife is barred from raising her argument about the trial court's jurisdiction over the particular case because she sought affirmative relief from the court. In particular, Husband claims that when Wife sought her second final hearing continuance, which included a request "for all other just and equitable relief in the premises," she invoked the jurisdiction of the court. In support of his argument, Husband refers us to *In re Evrard,* 263 Ind. 423, 317 N.E.2d 841 (1974).[6]

*Evrard* involves the case of a sitting circuit court judge accused of criminal actions trying to avoid disciplinary proceedings. The prosecutor, who previously dropped sixteen of the charges against the judge, also agreed to drop the remaining four charges when the judge agreed to submit the issue of his removal from the bench to the Indiana Supreme Court. In the prosecutor's petition before the supreme court, in addition to seeking the removal of the judge, the prosecutor sought "all other just and proper relief." *Evrard,* 263 Ind. at 427, 317 N.E.2d at 843. Because of this language, the supreme court determined that the judge was not unfairly surprised when it considered not only his removal but his discipline. *Evrard,* 263 Ind. at 429, 317 N.E.2d at 844.

■ There is little comparison between the instant case and *Evrard* other than the fact that both cases address a request for all proper relief. In *Evrard,* the request for other relief served as constructive notice to the judge that the supreme court may fashion relief other than removal. In this case, Wife moved to dismiss based on the lack of trial court jurisdiction in January 2003. Then, in April 2003, while her motion to dismiss was still pending before the trial court, Wife filed her second final hearing continuance, which included a request for other proper relief. However, seeking an extension of time is not the type of affirmative relief that waives a party's ability to impose a jurisdictional defense.[7] *Mills v. Coil,* 647 N.E.2d 679, 681 (Ind.Ct.App.1995), *reh'g denied, trans. denied. See also State v. Omega Painting, Inc.,* 463 N.E.2d 287, 292 (Ind.Ct.App. 1984) (holding that once jurisdictional challenge has been lodged, party's contemporaneous or subsequent defense on the merits does not invoke affirmative relief

---

**6.** Husband also draws our attention to *Bankmark of Florida, Inc. v. Star Financial Card Services, Inc.,* 679 N.E.2d 973 (Ind.Ct.App. 1997), *State v. Omega Painting, Inc.,* 463 N.E.2d 287 (Ind.Ct.App.1984), *reh'g denied,* and *Killearn Properties, Inc. v. Lambright,* 176 Ind.App. 684, 377 N.E.2d 417 (1978). However, we find these cases are inapposite because *Bankmark* addressed a trial court's refusal to consider a jurisdictional challenge as a discovery sanction, while *Omega* and *Kill-*

*earn* both dealt with requests made by a party—interrogatories and a change of venue, respectively—other than continuances.

**7.** Indeed, Husband does not even claim that Wife's discovery hearing continuance nor her first final hearing continuance—neither of which included the other proper relief language—sought the affirmative relief of the trial court.

barring jurisdictional claim), *reh'g denied.* Accordingly, we find that even though Wife's second final hearing continuance included a request "for all other just and equitable relief in the premises[,]" such a request neither vitiated her motion to dismiss nor barred her pending objection to the trial court's jurisdiction.

### B. Timeliness

Husband also contends that Wife failed to timely object to the trial court's exercise of jurisdiction over the particular case. In particular, Husband claims that Wife did not challenge the trial court's jurisdiction at the earliest opportunity possible because (1) she delayed five months between being served with notice of the dissolution petition and filing for dismissal based on lack of jurisdiction, and (2) she filed her discovery hearing continuance before seeking dismissal.

As support that Wife failed to file her motion to dismiss at the earliest opportunity possible, Husband cites to *Foor v. Town of Hebron,* 742 N.E.2d 545 (Ind.Ct.App. 2001). In that case, Foor was dismissed as town marshall of Hebron based on the decision of the local Safety Board ("Board"). Foor filed a complaint in the Lake County trial court, seeking to vacate the Board's decision. In response, Hebron moved to dismiss based on improper venue or, in the alternative, to transfer the case to Porter County. When the parties later agreed that Porter County was the proper venue, the Lake County trial court transferred the case there. Next, over three months after challenging venue, Hebron argued for the first time in a motion for judgment on the pleadings that the Porter

County trial court lacked jurisdiction because Foor failed to name a necessary party to the original complaint. Foor then moved to amend his complaint. The trial court denied Hebron's motion, granted Foor's amendment, and subsequently affirmed the Board's decision.

On appeal, Hebron argued that the Porter County trial court never had subject matter jurisdiction to decide the merits of the case. This Court disagreed and found that the failure to name a necessary party under the applicable statute called into question the trial court's jurisdiction over the particular case and not its subject matter jurisdiction. *Id.* at 549–50. In order to preserve its jurisdictional challenge for appeal, we found that Hebron needed to object at the earliest opportunity possible, which would have been when it filed its first motion to dismiss in the Lake County trial court. *Id.* at 550. Because it did not raise the trial court's lack of jurisdiction at that point, Hebron waived its jurisdictional challenge. *Id.*

■■■ Based on the *Foor* case, Husband first argues that Wife delayed too long in objecting to the trial court's jurisdiction after being served with notice of the dissolution petition. Yet, the facts of the instant case differ significantly from those in *Foor.* In this case, Wife was served with notice of the dissolution petition in August 2002. On January 9, 2003, Wife's attorney filed an appearance and her discovery hearing continuance. On January 14, 2003, less than one week later, Wife filed a motion to dismiss, challenging the trial court's jurisdiction to hear the dissolution petition. This was the first motion to dismiss that Wife filed.[8] The trial court

---

8. Husband suggests that Indiana Trial Rule 6(C) required Wife to file her motion to dismiss within twenty days of being served with the dissolution petition. However, responsive pleadings are not required in dissolution ac-

tions. Ind.Code § 31–15–2–9; *In re Marriage of Murray,* 460 N.E.2d 1023, 1026 (Ind.Ct. App.1984).

Husband also contends that because Wife represented herself during the five months

found that Wife "timely objected to this Court's jurisdiction by filing her Motion to Dismiss within a week of her attorney entering his appearance on her behalf." Appellant's App. p. 8. We agree.

Unlike the *Foor* case, where Hebron argued one ground for dismissal at first and then three months later filed a second dispositive motion alleging lack of jurisdiction; here, Wife challenged the trial court's jurisdiction in her first motion to dismiss, which was filed within one week of her attorney entering an appearance. Husband argues that the delay of five months from when Wife was served to when she hired an attorney and filed the motion to dismiss was more than the three months found excessive in *Foor.* But, the three-month delay that this Court found critical in *Foor* dealt with the time delay between the two dispositive motions. Here, because Wife raised the jurisdictional challenge shortly after her attorney entered his appearance and in her first motion to dismiss, the delay between dispositive motions was not at issue.

■■■ In addition, Husband argues that *Foor* supports his argument that Wife failed to object at the earliest opportunity possible because she could have challenged the trial court's jurisdiction in her discovery hearing continuance, which she filed before her motion to dismiss. However, in *Foor*, the first motion filed was not for a continuance but for dismissal based on lack of venue. It was only later in a second dispositive motion that Hebron raised the trial court's lack of jurisdiction. Here, though, Wife filed her discovery

hearing continuance and then shortly thereafter filed her first motion to dismiss based on lack of jurisdiction. Based on these facts, we cannot find that Wife's discovery hearing continuance eliminated her ability subsequently to challenge the trial court's jurisdiction. *See Omega,* 463 N.E.2d at 291–92 (allowing jurisdictional challenge after requesting extension of time). Therefore, we conclude that because Wife raised the jurisdictional challenge in her first motion to dismiss, she did not waive her defense by seeking a continuance prior to dismissal. Given all these facts and circumstances, we cannot conclude that the trial court erred when it determined that Wife timely challenged its jurisdiction over the particular case.

Judgment affirmed.

BAILEY, J., and KIRSCH, J., concur.

---

before the motion to dismiss was filed and because *pro se* litigants are held to the same standard as attorneys, we should find that the motion to dismiss was not filed at the earliest opportunity possible. However, Wife never performed any action that we can classify as representing herself. She did not file any

motions or pleadings, nor did she respond to the petition in any way. Instead, she waited to hire an attorney, who then filed a motion to dismiss for her. We cannot say that Wife's actions extinguished her ability to challenge the trial court's jurisdiction.