BANK ONE TRUST NO. 386, Appellant–Plaintiff,

v.

ZEM, INC., an Indiana Corporation; City of Gary Park and Recreation Board, et al., Appellees–Defendants.

No. 45A05–0306–CV–284.

Court of Appeals of Indiana.

June 9, 2004.

James J. Nagy, Munster, IN, Attorney for Appellant.

David H. Kreider, Jewell Harris, Jr., Hodges & Davis, P.C., Merrillville, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Bank One Trust No. 386 ("Trust 386") appeals the trial court's Order granting summary judgment in favor of the City of Gary Park and Recreation Board ("the City") and against Trust 386. First, we find that Lake Superior Court has subject matter jurisdiction to hear quiet title actions and that Trust 386 waived any objection to jurisdiction over the particular case by filing its action in that court. Next, we find that the City had a substantial interest of public record in the property sufficient to establish its standing in the case. Further, we find that the property at issue, which is currently the site of the Hudson Campbell Fitness Center, was exempt from taxes, and therefore, no delinquent taxes were due at the time of the tax sale. Thus, we affirm the trial court's Order determining that the tax sale to Trust 386's predecessor in interest was void *ab initio*.

### Facts and Procedural History

This appeal arises from a dispute regarding the ownership of a parcel of property located in downtown Gary, Indiana, which is currently the site of the Hudson Campbell Fitness Center ("the Property").

In October 1982, the City filed a condemnation action to acquire the Property in the Lake County Superior Court. At the time the City filed its action, Zem, Inc. owned the Property. After the court ruled that the City was entitled to condemn and appropriate the Property, the City paid into the Office of the Clerk of the Lake County Superior Court $2500, which was an amount equal to the value of the Property as determined by the court-appointed appraisers. Thereafter, the condemnation proceeding was venued to Jasper County. In June 1989, Zem and the City settled the condemnation proceeding by way of a Stipulated Final Judgment ("Stipulated Judgment"), thereby transferring ownership of the Property from Zem to the City. As part of the Stipulated Judgment, the Lake County Treasurer stipulated that the Treasurer had no interest in the property and no taxes were to be paid by the City on the Property.[1] The City did not record its ownership interest in the Property. In the meantime—specifically in 1986—the City erected the Hudson Campbell Fitness Center on the Property and adjacent parcels. The Center is open to the public for recreation purposes and also houses some of the City's administrative offices.

After Zem transferred ownership of the Property to the City, it ceased paying taxes on the Property. Because the City did not record its interest in the Property, the Lake County Auditor presumed that the Property was still owned by Zem and continued to assess property taxes on the Property. The Property subsequently was placed on the delinquent list.[2] In 1997, judgment was entered against Zem for delinquent real estate taxes. Following

1. Trust 386 argues that the City failed to pay delinquent taxes that had accrued on the Property prior to the condemnation proceeding. At the time the City acquired the Property, an estimated $1000 was owed in delinquent taxes for the tax years prior to 1982. There is no evidence in the record that these taxes have not been paid. To the contrary, the record discloses that as of November 19, 1982, no taxes were to be paid on the Property by the City. Accordingly, we summarily reject Trust 386's attack on the trial court's Order on this basis.

2. *See* Indiana Code § 6–1.1–24–1 for an explanation of the delinquent list.

the entry of judgment against Zem, the Lake County Treasurer offered the Property at a public sale. Bank Calumet Trust P–4274 purchased the Property and was issued a Tax Sale Certificate. Bank Calumet subsequently filed the Tax Sale Certificate with the Lake County Circuit Court, which then ordered the Lake County Auditor to issue a Tax Deed to Bank Calumet. Bank Calumet recorded its Tax Deed in February 2000. Bank Calumet subsequently transferred its interest in the Property by Trust Deed to Bank One Trust 386. Trust 386 recorded its Trust Deed and then filed a Complaint to Quiet Title to the Property in the Lake County Superior Court in May 2000.

Thereafter, in October 2000, the Jasper Circuit Court Clerk issued the deed for the Property to the City, which the same court had originally ordered to be issued as part of the Stipulated Judgment in 1989. The City recorded its deed in Lake County in December 2001. Based on the foregoing, both Trust 386 and the City filed motions for summary judgment with the Lake County Superior Court. In their motions for summary judgment, each party requested the trial court to find that it was entitled to the Property. Following a hearing on the motions, the trial court granted summary judgment in favor of the City and against Trust 386. This appeal ensued.

### Discussion and Decision

Trust 386 raises several arguments, which we reorder and restate. First, Trust 386 argues that Lake Superior Court did not have jurisdiction to rule on the summary judgment motions before it. Next, Trust 386 claims that the City lacked standing to challenge Trust 386's title to the Property. Last, Trust 386 argues that the trial court erred by granting summary judgment in favor of the City and against Trust 386. We address each argument in turn.

### I. Jurisdiction

■ Trust 386 claims that the trial court erroneously denied its objections to the jurisdiction of the trial court over the summary judgment proceedings. Trust 386 appears to argue that the trial court lacked both subject matter jurisdiction and jurisdiction over the particular case. In particular, Trust 386 asserts that because the Lake Circuit Court issued the tax deed, the Lake Superior Court did not have jurisdiction to rule on the motions for summary judgment. In making this argument, Trust 386 directs our attention to Indiana Code § 6–1.1–25–14, which at the time pertinent to this lawsuit provided that a person holding a tax deed may initiate a quiet title action in the circuit court of the county where the real property is situated.

■ Subject matter jurisdiction refers to the power of courts to hear and decide a class of cases. *Kondamuri v. Kondamuri*, 799 N.E.2d 1153, 1156 (Ind.Ct.App.2003), *trans. denied; see also Williams v. Williams*, 555 N.E.2d 142, 144 (Ind.1990). The issue of subject matter jurisdiction is resolved by determining whether the claim involved falls within the general scope of authority conferred on the court by the Indiana Constitution or by statute. *Kondamuri*, 799 N.E.2d at 1156; *see also Williams*, 555 N.E.2d at 144–45. When courts lack subject matter jurisdiction, their actions are void *ab initio* and may be attacked at any time. *Kondamuri*, 799 N.E.2d at 1156. The Circuit and Superior Courts of Lake County enjoy concurrent jurisdiction. *See* Ind.Code § 33–5–29.5–4 ("The superior court, within and for the county of Lake[,] has the same jurisdiction as the Lake circuit court in all civil and probate cases and matters whether original or appellate[.]"). Thus, either of the two courts has subject matter jurisdiction

to hear actions to quiet title. ·This conclusion is further supported by the 2001 legislative amendments to Indiana Code § 6–1.1–25–14, which revised the text of that statute from "A person who holds a deed executed under section 4 of this chapter may initiate an action in the circuit court of the county where the real property is situated to quiet title to the property" to "A person who holds a deed executed under this chapter[, Sale of Real Property When Taxes or Special Assessments Become Delinquent,] may initiate an action in the court that entered the judgment and order for sale to quiet title to the property." If only circuit courts, and not other courts, had subject matter jurisdiction to hear quiet title actions, there would have been no reason to amend the statute. Therefore, we reject Trust 386's argument that the Lake Superior Court did not have subject matter jurisdiction.[3]

■ We do find, however, that jurisdiction over the particular case is implicated by the facts of this case. Jurisdiction over the particular case refers to a trial court's right, authority, and power to hear and decide a specific case within the class of cases over which a court has subject matter jurisdiction. *Kondamuri*, 799 N.E.2d at 1156; *see also Williams*, 555 N.E.2d at 144. In this case, Indiana Code § 6–1.1–25–14 grants jurisdiction over the particular case to the Lake Circuit Court. A judgment rendered by a court that lacks jurisdiction over the particular case is voidable and requires a timely objection at the first opportunity or the lack of jurisdiction over the particular case is waived. *Kondamuri*, 799 N.E.2d at 1156–57; *see also Williams*, 555 N.E.2d at 144. Here,

Trust 386 is the party that filed the underlying action before the Lake ·Superior Court. Thus, it cannot now be heard to complain that the Lake Superior Court lacked jurisdiction over the particular case. Accordingly, we find that Trust 386 has waived any·objection to jurisdiction over the particular case.

## II. Standing

■ Trust 386 also claims that the City lacked standing. In particular, Trust 386 contends that the City did not have a substantial property interest of public record in the Property. In support of this contention, Trust 386 directs our attention to Indiana Code § 6–1.1–24–1.9, which provides: "'substantial property interest of public record' means title to or interest in a tract possessed by a person and recorded in the office of a county recorder or available for public inspection in the office of a circuit court clerk." We conclude that the City had a substantial property interest of record based on the condemnation action the City filed in the Lake County court system in 1982 and the $2500 the City paid into the Lake County Clerk's Office. Both of these actions were matters of public record, which would be available for the public's inspection. Therefore, we conclude that the City had a substantial property interest of public record in the Property, which in turn gives the City standing to challenge the validity of the tax sale.

## III. Summary Judgment

Last, Trust 386 maintains that the trial court erred by granting the City's motion

---

3. We recognize that our decision here today seems to be in conflict with *Star Financial Bank v. Shelton*, 691 N.E.2d 1338 (Ind.Ct. App.1998), *trans. denied*. To the extent that *Shelton* holds that there is no subject matter jurisdiction in a situation such as the one with which we are faced, we believe that *Shelton* was wrongly decided. Rather, such a situation implicates jurisdiction over the particular case, which our supreme court has unequivocally stated is waivable. *See Williams*, 555 N.E.2d at 145.

for summary judgment and denying Trust 386's motion for summary judgment. In reviewing a trial court's rulings on motions for summary judgment, this Court faces the same issues that were before the trial court and follows the same process. *Shaffer v. State*, 795 N.E.2d 1072, 1075 (Ind.Ct. App.2003). We do not weigh evidence but, instead, liberally construe the facts in a light most favorable to the nonmoving party. *Id.* Summary judgment is appropriate only when the designated evidence demonstrates that there is no genuine issue regarding any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Shaffer*, 795 N.E.2d at 1075. The party appealing a summary judgment ruling has the burden of persuading this Court that the grant or denial of summary judgment was erroneous. *Shaffer*, 795 N.E.2d at 1075. We will affirm the grant of summary judgment on any legal basis supported by the designated evidence. *Id.*

■ Our decision concerning whether the trial court's resolution of the motions for summary judgment can stand turns on whether delinquent taxes were due on the Property at the time of the tax sale. If there were no delinquent taxes due on the Property, then the tax sale is void *ab initio*. *City of Gary v. Belovich*, 504 N.E.2d 286, 291 n. 2 (Ind.Ct.App.1987), *reh'g denied; McCaslin v. State*, 99 Ind. 428 (1885), *reh'g denied; see also* Ind.Code § 6–1.1–25–16 (providing that one of the ways a person may defeat title conveyed by tax deed is to prove that "the tract or real property described in the deed was not subject to the taxes for which it was sold[.]"). Property is exempt from property taxation if it is owned by a city or town and is used to provide a municipal service. Ind.Code § 6–1.1–10–5(a). Thus, we must decide whether the City owned the Prop-

erty and whether the Property was used for a municipal service.

The City acquired the Property in a condemnation action. After acquiring the Property, the City erected the Hudson Campbell Fitness Center thereon, which houses some of the administrative offices of the City and is open to the public for recreational purposes. This use qualifies as a municipal service. *See* I.C. § 6–1.1–10–5(b) (defining "property used to provide a municipal service" to include—among other things—a municipally owned park, golf course, playground, swimming pool, auditorium, gymnasium, or other municipally owned property, utility, or institution).

The more difficult question to answer is whether the City owned the Property—such that the Property was exempt from taxation—when the City did not record its interest in the Property until after Trust 386 sought to quiet title. We encountered a factually similar issue in *Belovich*. In that case, the Beloviches acquired an interest in some land after the owners of record failed to pay taxes on it. The owners of record, however, had sold the land to the City of Gary several years before the tax sale. The City of Gary subsequently erected a fire station on the land, which had been in service approximately ten years prior to the tax sale, but did not record its interest in the land until after the Beloviches sought to quiet title to it. Based on the arguments presented, the *Belovich* court affirmed the trial court's ruling in favor of the Beloviches and against the City of Gary. *Belovich*, 504 N.E.2d at 291. The *Belovich* court noted, however, that had the City of Gary argued that the tax sale was void under Indiana Code § 6–1.1–10–5(a), a different result would obtain. *Id.* at 290 n. 2. The *Belovich* court relied on *McCaslin v. State*, 99 Ind. 428 (1885), for the proposition that

"because state-owned property is tax exempt, a tax deed conveying state property was void, *ab initio,* despite the fact that record title was in another party." *Belovich,* 504 N.E.2d at 290 n. 2. From this premise, the *Belovich* court resolved that "holding the Beloviches' tax deed void would, therefore, seem to be the legally correct result[.]" *Id.*

 Likewise, the Property that the City acquired through its condemnation proceeding and uses as a municipal fitness facility is tax exempt, thereby rendering the tax deed conveying the Property to Trust 386 void *ab initio.*[4] It is of no consequence that the record title was in another party at the time of the tax sale. Moreover, we note that Indiana law imputes to a purchaser of land all information that would have been conveyed by an actual view of the premises. *Kessen v. Graft,* 694 N.E.2d 317, 320 (Ind.Ct.App. 1998), *trans. denied.* By viewing the Property, Trust 386 would have been on notice that the Property was city property used for a municipal purpose or, at a minimum, would have been tipped off that it needed to investigate the Property further to clarify its status. From this information, Trust 386 could have ascertained that the Property was exempt from taxation and, therefore, not subject to sale for delinquent taxes.

Because the Property is tax exempt, there can be no delinquent taxes. Absent delinquent taxes, the tax sale was void *ab initio.* Because we find that the tax sale was void *ab initio,* we conclude that the trial court properly granted summary judgment in favor of the City and against Trust 386.

Affirmed.

SHARPNACK, J., and MATHIAS, J., concur.

### ORDER

The Court, on its own motion, withdraws and vacates the Not for Publication opinion issued on May 19, 2004, and hereby publishes the opinion as of the date of this order.

The thirty-day period for a Petition for Rehearing or Petition to Transfer shall begin to run from the date of this order.

All Panel Judges Concur.

---

4. Because something that is void *ab initio* can be challenged at any time, *see Kondamuri,* 799 N.E.2d at 1156, we summarily reject Trust 386's argument that the City waived its right to challenge Trust 386's title to the Property by failing to appeal the Lake Circuit Court's Order directing the Lake County Auditor to issue a tax deed to Trust 386's predecessor in interest. For the same reason, Trust 386's argument that the trial court erred by denying its motions in limine and to suppress or reject evidence, which were premised on the City's failure to launch a timely attack on the tax sale, fails as well.