**In re the Marriage of Carlos GARCIA, Appellant,**

v.

**Catherine GARCIA, Appellee.**

**No. 3–281A50.**

Court of Appeals of Indiana, Third District.

Sept. 1, 1981.

Rebecca Balanoff, Hammond, for appellant.

Edward J. Raskosky, George Kohl, Hammond, for appellee.

HOFFMAN, Presiding Judge.

The marriage of Carlos and Catherine Garcia was dissolved on March 1, 1977. At the time, Carlos Garcia was incarcerated in the Federal Correction Facility at Oxford, Wisconsin. The two minor children born of the marriage were placed in the custody of Catherine. No order for visitation or support was made. Three years later, Carlos filed a petition for modification of the dissolution of marriage decree to order visitation rights with his children at the Indiana State Prison where he was then incarcerated. His petition was heard and denied on August 18, 1980. Carlos is appealing this denial and raises the single issue of whether the trial court acted contrary to law in denying the visitation.

Carlos argues that the trial court erred by denying his petition without specifically finding that visiting him in prison might endanger the children's physical health or significantly impair their emotional development. As authority he cites the case of *McCurdy v. McCurdy* (1977), 173 Ind.App. 437, 363 N.E.2d 1298. *McCurdy* does not entirely support Carlos' proposition, since the trial court in *McCurdy* did in fact make a specific finding that visitation at the prison might endanger the children's health or development.

In *McCurdy* the petitioner had originally been granted visitation rights, but when he became incarcerated, the custodial parent refused to allow the children to visit him and in fact she told them their father had been institutionalized in a hospital rather than the truth. On appeal this Court emphasized that the children should know the truth about their father and stressed the rehabilitative effect their visits might have upon him. The court therefore compelled their mother to allow visitation. In the case at hand, Carlos was never given visitation rights in the original decree. Also, from the correspondence contained in the sparse record which has been provided, it can be assumed that the truth about their father's incarceration is not being hidden from the children.

IC 1971, 31–1–11.5–24 (Burns 1980 Repl.) provides:

"Visitation

Sec. 24. Visitation. (a) A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation by the parent might endanger the child's physical health or significantly impair his emotional development.

(b) The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation might endanger the child's physical health or significantly impair his emotional development."

Neither this statute nor *McCurdy* requires specific findings.

This Court presumes a trial court is aware of the law. In denying Carlos' petition, the trial court here necessarily made the determination that visitation might endanger the children's physical health or significantly impair their emotional development. The record is void of a request by either party for special findings of fact. No error can arise from the failure of the trial court to make special findings in a proceeding on a petition to modify when no request for special findings is made. *Campbell v. Campbell* (1979), Ind.App., 396 N.E.2d 142.

The judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.