**FOR PUBLICATION**



FILED

Oct 22 2014, 10:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**DEBORAH M. AGARD**
**DANIEL W. KIEHL**
Law Office of Deborah M. Agard
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**JENNIFER ANNE STURGES**
Rolfes Garvey Walker & Robbins
Greensburg, Indiana

**ANDREA L. CIOBANU**
**ALEX BEEMAN**
Ciobanu Law, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE PATERNITY OF )<br>B.J.N., by Next Friend, )<br>E.M., )<br>    Appellant-Petitioner, )<br> )<br>       vs. )<br> )<br>K.N., )<br>    Appellee-Respondent, )<br> )<br>  and )<br> )<br>ON CONSOLIDATED APPEAL, )<br>IN RE THE GUARDIANSHIP OF B.J.N., )<br>E.M., )<br>    Appellant-Respondent, )<br> )<br>       vs. )<br> )<br>P.C., )<br>    Appellee-Petitioner )| No. 32A05-1403-JP-99 |

**October 22, 2014**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

This consolidated appeal arises out of two orders issued by the Decatur County Circuit Court (Decatur Court) on April 16, 2013, and November 8, 2013, respectively, and one order issued by the Hendricks County Circuit Court (Hendricks Court) on February 4, 2014. E.M. (Father) raises three issues: (1) whether the Decatur Court erred when it denied his motion to vacate guardianship for lack of jurisdiction; (2) whether the Decatur Court abused its discretion when it issued an order restricting Father's parenting time without finding that Father posed a risk of harm to his child; and (3) whether the Hendricks Court erred when it dismissed his action and ordered payment of attorney fees. Finding that the Decatur Court had jurisdiction to enter its guardianship order and did not abuse its discretion in ordering restricted parenting time, we affirm the judgment of the Decatur Court. Finding that the Hendricks Court did not err in dismissing Father's action, but that it erred in awarding attorney fees, we affirm in part and reverse in part the judgment of the Hendricks Court.

2

B.N. was born to K.N. (Mother) in January 2009. B.N. remained in Mother's custody until March 2010, when she was made a ward of the State of Illinois and placed in foster care. In September 2010, Father, who had been incarcerated, was released and began visiting with B.N. Father filed a paternity action, and in February 2011, was adjudicated to be B.N.'s father by the Kankakee County Circuit Court (Kankakee Court) in Kankakee, Illinois.

On March 29, 2013, Mother brought B.N. to Greensburg, in Decatur County, Indiana, where B.N. was to live with P.C. (Guardian). Guardian is a friend of Father. Father lived in Hendricks County at the time and wanted B.N. to move in with Guardian so that he could be closer to B.N. On April 16, 2013, Guardian, after consulting with Mother and Father and receiving their consent, filed a petition in the Decatur Court requesting that the court appoint her as B.N.'s guardian. The Decatur Court granted this petition the same day.

Over six months later, on October 23, 2013, Father filed a petition with the Hendricks Court to register the order of the Kankakee Court recognizing his paternity. The next day, Father filed a motion in the Decatur Court to vacate the guardianship order issued by the Decatur Court, alleging that the Decatur Court lacked jurisdiction when it awarded custody to Guardian on April 16, 2013. On November 8, 2013, following a hearing, the Decatur Court issued an order restricting Father's parenting time and ordering that such parenting time be supervised. On December 11, 2013, Father filed a

Verified Petition to Modify Custody, Parenting Time, and Support in the Hendricks Court. On January 2, 2014, Guardian filed a motion to dismiss Father's petition.

On January, 8, 2014, the Decatur Court denied Father's motion to vacate for lack of jurisdiction, and on February 4, 2014, the Hendricks Court granted Guardian's motion to dismiss. Father filed a notice of appeal for each of these orders on February 6, 2014, and March 6, 2014, respectively. These appeals are now consolidated in the instant action.

## DISCUSSION AND DECISION

### I. Decatur Court's Jurisdiction

Father appeals the Decatur Court's denial of his motion to vacate the guardianship, arguing that the Decatur Court lacked jurisdiction to grant Guardian custody of B.N. Father appears to argue that, because he later registered his paternity order with the Hendricks Court, that court had exclusive jurisdiction with regard to the "paternity action," in which Father attempts to include both the prior Decatur Court guardianship action and the subsequent Hendricks Court paternity action. Therefore, Father argues, the Decatur Court lacked jurisdiction to determine who would receive custody of B.N. at the time it issued its guardianship order.

The question of a court's jurisdiction is a question of law and we afford no deference to the trial court's conclusion. In re B.C., 9 N.E.3d 745, 751 (Ind. Ct. App. 2014). There are three types of jurisdiction: (1) personal jurisdiction, (2) subject matter jurisdiction, and (3) jurisdiction over the particular case. Kondamuri v. Kondamuri, 799

4

N.E.2d 1153, 1156 (Ind. Ct. App. 2003). Father does not argue that the Decatur Court lacked personal jurisdiction over him, so we turn to an analysis of the two remaining types of jurisdiction.

First, Father appears to argue that the Decatur Court lacked subject matter jurisdiction over the case. Appellant's Br. p. 4. Courts in Indiana obtain subject matter jurisdiction only through the Indiana Constitution or by statute. Kondamuri, 799 N.E.2d at 1156. Subject matter jurisdiction refers to the power of court to hear and decide a particular class of cases. Id. A judgment rendered by a court lacking subject matter jurisdiction is void and may be attacked at any time. Foor v. Town of Hebron, 742 N.E.2d 545, 548 (Ind. Ct. App. 1990).

In this case, the Decatur Court issued an order appointing Guardian as B.N.'s guardian. Circuit courts are courts of general jurisdiction, empowered to hear all types of cases, including guardianship actions. Ind. Code § 33-28-1-2. Indiana Code section 29-3-2-1(a)(1) provides that Indiana courts that have probate jurisdiction also have jurisdiction over "[t]he business affairs, physical person, and property of every incapacitated person and minor residing in Indiana." Thus, the Decatur Court had subject matter jurisdiction over the guardianship action.

Second, we believe that Father argues that the Decatur Court lacked jurisdiction over the particular case. In contrast to subject matter jurisdiction, a judgment rendered by a court lacking jurisdiction over a particular case is not void, but only voidable, and must be timely objected to or it is waived. Foor, 742 N.E.2d at 548.

5

Specifically, Father argues that the registry of his paternity order in the Hendricks Court, six months after the Decatur Court issued its guardianship order, retroactively transferred jurisdiction over custody determinations involving B.N. to the Hendricks Court. Father claims "[o]nce [he] filed his Verified Petition to Register Order of Paternity Issued by [the Kankakee Court] in the Hendricks Circuit Court, the Decatur Circuit Court could not regain its jurisdiction over B.N. until the resolution of [Father's] modification action in Hendricks County." Appellant's Br. p. 5. Father points to no law that would support this proposition, nor does he offer even a general explanation as to why registering a paternity order in one court would retroactively take away another court's jurisdiction to issue a guardianship order six months previously.

But we believe that Father may be making another argument. Under the Uniform Child Custody Jurisdiction Act (UCCJA),[1] which is codified in both Illinois and Indiana, the Kankakee Court, having made an initial child custody determination, would have continuing jurisdiction over that determination unless it determined that it no longer had such jurisdiction or that an Indiana court would be a more convenient forum. Ind. Code §§ 31-21-5-1, -2, -3. Father alludes to this when he states that "Illinois issued a custody order before the guardianship was filed in Indiana." Reply Br. p. 1.

Father is incorrect, however, to the extent that he asserts that this makes the Decatur Court's order void. Our Supreme Court has held that jurisdiction for UCCJA

---

[1] Ind. Code art. 31-21. The Act is codified in Illinois as the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) and its provisions are nearly identical to those found in the Indiana Code. 750 I.L.C.S. 36/201-03.

6

purposes does not amount to subject matter jurisdiction. Williams v. Williams, 555 N.E.2d 142, 144-45 (Ind. 1990). In Williams, the Court held:

> The authority to hear child custody cases is not directly granted by the UCCJA. Rather, [the UCCJA] merely operates to restrict the existing power of courts to hear custody cases. . . . The jurisdictional limitations imposed by the UCCJA are not equivalent to declarations of subject matter jurisdiction, but rather are refinements of the ancillary capacity of a trial court to exercise authority over a particular case. This exercise of authority is waivable.

555 N.E.2d at 145. Thus, jurisdiction for purposes of the UCCJA means jurisdiction over the particular case. Because judgments rendered by courts lacking this type of jurisdiction are only voidable, Father waived his challenge when he consented to the Decatur Court's jurisdiction. Lollar v. Hammes, 952 N.E.2d 754, 756 (Ind. Ct. App. 2004). Father concedes that he consented to Guardian being appointed as B.N.'s guardian in the Decatur Court. Appellant's Br. p. 6. He has therefore waived any objection to the court's exercise of jurisdiction over this particular matter.

We also note that the Decatur Court could have claimed jurisdiction upon finding that neither the child's parents, nor any person acting as the child's parents, continued to reside in Illinois. I.C. § 31-21-5-3(2). Here, all parties resided in Indiana at the time the guardianship order was issued.

## II. Parenting Time Order

Father next argues that the Decatur Court abused its discretion when it issued an order restricting his parenting time without finding that he posed a risk of harm to B.N.

7

Father claims that the Decatur Court was required to find that Father posed a danger to B.N.'s physical health and that the court failed to do so.

Generally speaking, parenting time decisions are committed to the sound discretion of the trial court. In re Paternity of V.A.M.C., 768 N.E.2d 990, 1000 (Ind. Ct. App. 2002). We therefore review parenting time decisions for an abuse of discretion. Hatmaker v. Hatmaker, 998 N.E.2d 758, 761 (Ind. Ct. App. 2013). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. Id. Where, as here, the trial court did not enter specific findings of fact, a general judgment standard applies. Bryant v. Bryant, 693 N.E.2d 976, 977 (Ind. Ct. App. 1998). We may affirm a general judgment on any theory supported by the evidence at trial. Id.

Here, the Decatur Court issued an order restricting Father's parenting time and requiring that such time be supervised. Restriction of parenting time is governed by Indiana Code section 31-17-4-1(a), which provides:

> A parent not granted custody of the child is entitled to reasonable parenting time rights unless the court finds, after a hearing, that parenting time by the noncustodial parent might endanger the child's physical health or significantly impair the child's emotional development.

The Decatur Court held a hearing regarding parenting time on October 30, 2013. The Decatur Court issued its order on November 8, 2013, which did not include specific findings of fact.

8

The Decatur Court was not required to issue specific findings of fact in regard to the order at issue here. Such findings are not required by statute or rule, I.C. § 31-17-4-1(a), Ind. Trial Rule 52, nor did either party request that such findings be made. Appellant's Br. p. 11. No error can arise from the failure of the trial court to make special findings when such findings are not required by statute or rule and no request for special findings is made. Garcia v. Garcia, 425 N.E.2d 220, 221 (Ind. Ct. App. 1981).

We now turn to the Decatur Court's general judgment. The record reveals that the Decatur Court was presented with evidence that Father posed a danger to B.N.'s physical health. At the hearing regarding parenting time, Guardian testified that Father had a history of drug and alcohol addiction as well as a history of failing to take acceptable care of his other child. Tr. p. 15. Guardian also testified that Father had once let B.N., who was four years old at the time, ride a moped, which eventually fell on top of her. Consequently, we find that there was evidence in the record to support a determination that Father posed a danger to B.N.'s physical health and that the Decatur Court did not abuse its discretion in restricting his parenting time and ordering that it be supervised.

### III. Action in Hendricks Court

After the Decatur Court denied Father's motion to vacate for lack of jurisdiction, Guardian filed a motion to dismiss Father's paternity action in the Hendricks Court for (1) failure to state a claim upon which relief can be granted, (2) improper service of process, (3) lack of jurisdiction, (4) incorrect venue, and (5) that another state court action was then pending (Decatur Court action). A hearing on this motion was held on

9

January 28, 2014, and the motion was granted on February 4, 2014. The Hendricks Court granted the motion, dismissing the action for failure to state a claim upon which relief can be granted because Father failed to join Guardian, who the court found to be a real party in interest. The court also awarded Guardian $1,660 in attorney fees.

## A. Dismissal

The Hendricks Court's stated reason for granting the motion to dismiss was for failure to state a claim upon which relief can be granted under Indiana Trial Rule 12(B)(6). Our review of a trial court's grant of a motion based on Trial Rule 12(B)(6) is de novo. Charter One Mortg. Corp. v. Condra, 885 N.E.2d 602, 604 (Ind. 2007).

Assuming solely for argument's sake that the Hendricks Court erred by dismissing Father's action based on a failure to state a claim upon which relief can be granted, we note that a trial court's judgment may be affirmed upon grounds different from those reflected in the trial court's decision. Rimert v. Mortell, 680 N.E.2d 867, 871 (Ind. Ct. App. 1997). This principle is not limited to summary judgment cases. Id. When, as here, we are presented with questions of law, our standard of review is the same whether we consider a motion to dismiss or a motion for summary judgment. Cristiani v. Clark County Solid Waste Mgmt Dist., 675 N.E.2d 715, 717 (Ind. Ct. App. 1996). Thus, we will affirm the judgment if there are any legal grounds in the record supporting the judgment. Marks v. N. Ind. Pub. Serv. Co., 954 N.E.2d 948, 952 (Ind. Ct. App. 2011).

We find the issue of the Hendricks Court's jurisdiction to be dispositive. This case involves two actions—a guardianship action and a paternity action—commenced in

10

two different courts—Decatur and Hendricks—concerning the same subject matter— B.N.'s custody and parenting time. In her motion to dismiss, Guardian argued that only the Decatur Court had jurisdiction over the case under Indiana Code section 29-3-2-1(b)(1). Appellant's App. p. 24. We have already explained that the Decatur Court had subject matter jurisdiction over the guardianship action. The question then becomes whether the Decatur Court and the Hendricks Court could simultaneously exercise jurisdiction with respect to this matter. In <u>In re Paternity of Fox</u>, this Court held:

> It is well settled that two courts of concurrent jurisdiction cannot deal with the same subject matter at the same time. Once jurisdiction over the parties and the subject matter has been secured, it is retained to the exclusion of other courts of equal competence until the case is resolved, and the rule applies where the subject matter before the separate courts is the same, but the actions are in different forms. Exclusive jurisdiction over a particular cause of action vests when the complaint or other equivalent pleading or document is filed.

514 N.E.2d 638, 641 (Ind. Ct. App. 1987) (citations omitted). Such is the case here. Although the actions took two different forms, their subject matter was the same. Because the subject of child custody and parenting time was properly before the Decatur Court in the guardianship action, the Hendricks Court was precluded from making a custody or parenting time determination in the subsequently-filed paternity action. <u>In re B.C.</u>, 9 N.E.3d 745, 753 (Ind. Ct. App. 2014). Consequently, the Hendricks Court did not err in dismissing Father's paternity action.

11

B.  Attorney Fees

In addition to granting Guardian's motion to dismiss, the Hendricks Court awarded Guardian $1,660 in attorney fees.  We review a trial court's decision to award attorney fees and the amount thereof for an abuse of discretion.  St. Mary Med. Ctr. v. Baker, 611 N.E.2d 135, 137 (Ind. Ct. App. 1993).

Indiana Code section 31-17-4-3 governs awards of attorney fees in the context of actions involving parenting time. It reads:

> (a) In any action filed to enforce or modify an order granting or denying parenting time rights, a court may award:
>
> > (1) reasonable attorney's fees;
> > (2) court costs; and
> > (3) other reasonable expenses of litigation.

The statute further specifies that a court may consider whether the action was frivolous or vexatious.  I.C. § 31-17-4-3(b).  Because Father filed a motion to modify his parenting time in Hendricks Court, this action was an action to modify a parenting time order.  Appellant's Br. p. 1.  Therefore, the Hendricks Court had authority under Indiana Code section 31-17-4-3(a) to award reasonable attorney fees.

However, this Court has also held, in the context of a parenting time action, that "[w]hen making an award of attorney's fees, the trial court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and such factors that bear on the

12

reasonableness of the award." A.G.R. ex rel. Conflenti v. Huff, 815 N.E.2d 120, 127 (Ind. Ct. App. 2004) (emphasis added).

Here, there is nothing in the record as to the resources of the parties. During a hearing on Guardian's motion to dismiss on January 28, 2014, the Hendricks Court heard no testimony concerning either the parties' incomes or their ability to engage in gainful employment. Therefore, we are compelled to hold that the Hendricks Court erred in awarding Guardian $1,660 in attorney fees.

The judgment of the Decatur County Circuit Court is affirmed. The judgment of the Hendricks County Circuit Court is affirmed in part and reversed in part.

KIRSCH, J., and ROBB, J., concur.