FILED

May 31 2016, 7:58 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Jason J. Pattison
Jenner, Pattison, Sutter & Wynn, LLP
Madison, Indiana

ATTORNEY FOR APPELLEE

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David C. Varble,

*Appellant-Intervenor,*

v.

Stephanie J. (Carroll) Varble and James T. Carroll,

*Appellees.*

_____

IN RE: THE MATTER OF THE PATERNITY OF: A.C.,

*A Minor Child,*

David C. Varble,

*Petitioner,*

v.

Stephanie J. (Carroll) Varble,

*Respondent,*

May 31, 2016

Court of Appeals Case No.
39A01-1508-DR-1180

Appeal from the Jefferson
Circuit Court

The Honorable Jon W. Webster,
Special Judge

Trial Court Cause No.
39C01-0910-DR-631

Appeal from the Jefferson
Circuit Court

The Honorable Jon W. Webster,
Special Judge

Trial Court Cause No.
39C01-1406-JP-29

and

James T. Carroll,

*Intervenor.*

**Brown, Judge.**

[1] David C. Varble ("Varble") appeals the trial court's denial of his motion for relief from judgment. Varble raises one issue which we revise and restate as whether the court abused its discretion in denying his motion for relief from judgment. We affirm.

*Facts and Procedural History*

[2] On November 4, 2000, Stephanie J. (Carroll) Varble ("Stephanie") and James T. Carroll ("Carroll") were married, and the marriage was dissolved on December 8, 2009 under cause number 39C01-0910-DR-631 ("Cause No. 631") in the Jefferson Circuit Court. The Settlement Agreement and Decree of Dissolution stated "There were children born of this marriage; namely," and listed two children, including A.C., who was born in June of 2008. Appellant's Appendix Volume 1 at 1. The parties agreed to "share joint custody of the children and joint physical custody," spending "50% of time in each parent home," that neither party would pay child support, and that each parent would be responsible for fifty percent of the uninsured medical expenses for the children. *Id.*

[3] On June 16, 2014, Varble filed a Verified Petition to Establish Paternity and Determine Custody, Parenting Time and Support under cause number 39C01-1406-JP-29 ("Cause No. 29") together with an Agreed Order of Paternity in the Jefferson Circuit Court. Varble's petition alleged that he and Stephanie were married on January 11, 2011, and requested an order finding that he is the father of A.C., determining custody, parenting time and child support, and changing the last name of A.C. to Varble. The Agreed Order of Paternity provides in part that Varble and Stephanie have good cause to believe that Carroll underwent a vasectomy prior to the conception of A.C. and therefore should have been on notice that A.C. was not his biological child, that DNA testing was conducted in November of 2010 which revealed that Varble is the biological father of A.C., that no order would enter regarding custody, parenting time or child support at that time, and that the child's last name would be changed to Varble. On June 17, 2014, the court signed the Agreed Order of Paternity.[1]

[4] On August 12, 2014, Varble filed several motions in Cause No. 631, namely, a Motion to Intervene, a Motion for Immediate Termination of Parenting Time requesting the court to terminate Carroll's parenting time with A.C., a Motion for Relief from Judgment, and a Motion for Hearing. In his Motion for Relief from Judgment, Varble alleged that the December 8, 2009 Settlement

---

[1] The copies of Varble's June 16, 2014 petition and the June 17, 2014 Agreed Order of Paternity in the record and the chronological case summary ("CCS") for Cause No. 29 do not indicate that Carroll was served or given notice of Varble's petition or the Agreed Order of Paternity.

Agreement and Decree of Dissolution of Marriage found that A.C. is a child of the marriage of Carroll and Stephanie, that subsequent DNA testing has revealed that A.C. is not a child of the marriage, and that Varble established paternity with regard to A.C. in Cause No. 29, and requested that the December 8, 2009 Settlement Agreement and Decree of Dissolution of Marriage be modified to exclude A.C. as a child of the marriage.[2] On August 13, 2014, the court granted Varble's motion to intervene and motion for hearing, and on August 14, 2014, denied Varble's motion for immediate termination of parenting time.

[5] On August 29, 2014, Carroll filed a number of motions. Under Cause No. 631, he filed a Motion for Change of Venue From Judge requesting that the same special judge be appointed in that cause and in Cause No. 29 for the purposes of consolidating hearings and consistent determinations; an Objection and Response to Intervenor's Motion for Relief from Judgment arguing in part that A.C. has known Carroll as his father for the child's entire life, that Carroll has held A.C. out as his own child for the child's entire life, and Varble's substantially delayed motion for relief is not in A.C.'s best interests; an Objection and Response to Intervenor's Motion for Immediate Termination of Parenting Time arguing in part that A.C. has been held out by all parties as the child of Carroll for the child's entire life and that A.C. is in the physical custody

---

[2] Varble's motion for relief from judgment cites Trial Rule 60(B) and references subsections (1) and (8) of the rule.

of Carroll at least fifty percent of the time; and a Motion for De Facto Custody and/or Step-Parent Parenting Time alleging that A.C. was raised by Carroll and Stephanie as a child of the marriage alongside the other child listed in the dissolution decree, and that to the extent the contest to Carroll's paternity and custody is successful, Carroll is a *de facto* custodian under Ind. Code § 31-9-2-35.5 and should be granted custody of A.C. if such an award is found to be in A.C.'s best interests.[3]

[6] Under Cause No. 29, Carroll filed a Motion to Intervene; a Motion for Change of Venue From Judge; a Motion to Dismiss arguing in part that Carroll is a necessary party to any paternity action for A.C.,[4] that Varble failed to join a necessary party and give notice of the proceedings, that paternity and custody

---

[3] Ind. Code § 31-9-2-35.5 provides in part that "De facto custodian" means "a person who has been the primary caregiver for, and financial support of, a child who has resided with the person for at least: (1) six (6) months if the child is less than three (3) years of age; or (2) one (1) year if the child is at least three (3) years of age." This court has stated:

> Once a court determines a "de facto custodian" exists and that individual has been made a party to a custody proceeding, the court shall consider the following factors in determining the child's "best interests," in addition to the usual "best interests" of the child factors contained in Indiana Code Sections 31-14-13-2 and 31-17-2-8:
>
> > (1) The wishes of the child's de facto custodian.
> > (2) The extent to which the child has been cared for, nurtured, and supported by the de facto custodian.
> > (3) The intent of the child's parent in placing the child with the de facto custodian.
> > (4) The circumstances under which the child was allowed to remain in the custody of the de facto custodian, including whether the child was placed with the de facto custodian to allow the parent seeking custody to:
> >
> > > (A) seek employment;
> > > (B) work; or
> > > (C) attend school.
>
> Ind. Code §§ 31-14-13-2.5(b) and 31-17-2-8.5(b).

*In re Guardianship of L.L.*, 745 N.E.2d 222, 229 (Ind. Ct. App. 2001), *trans. denied*.

[4] Ind. Code § 31-14-5-6, related to the filing of a paternity action, provides: "The child, the child's mother, and each person alleged to be the father are necessary parties to each action."

are under the continuing jurisdiction of the dissolution action under Cause No. 631, and that Cause No. 29 should be dismissed; a Motion to Set Aside Paternity Order as Void arguing in part that the dissolution decree establishes A.C. as a child of the marriage and grants Carroll custody rights, that paternity and custody are under the continuing jurisdiction of the dissolution action under Cause No. 631, and that pendency in another cause is cause for dismissal and justifies setting aside the paternity order as void; and a Motion for De Facto Custody and/or Step-Parent Parenting Time.

[7] On September 2, 2014, in Cause No. 29, the court granted Carroll's Motion to Intervene and Motion for Change of Venue From Judge, and in Cause No. 631, the court granted Carroll's Motion for Change of Venue From Judge.

[8] Judge Jon W. Webster accepted the appointment as special judge in both causes. A letter dated February 18, 2015 was sent to the parties stating that the court would hold a hearing on Varble's Motion for Relief from Judgment under Cause No. 631 and Carroll's Motion to Set Aside Paternity Order as Void and Motion to Dismiss under Cause No. 29, and noted that Carroll's Motions for De Facto Custody and/or Step-Parenting Time filed under both causes were pending.

[9]     Following a hearing,[5] the trial court entered an Order on All Pending Issues and Appointment of Guardian Ad Litem on June 11, 2015 in both causes.[6]  The court denied Varble's Motion for Relief from Judgment under Cause No. 631 and Carroll's Motion to Dismiss under Cause No. 29.[7]  The court also ordered: "[Carroll's] Motion to Set Aside Paternity Order As Void [under Cause No. 29] is granted except it is not void, only voidable and the Court determines it should be set aside as such."  Appellant's Appendix Volume 1 at 109; Appellant's Appendix Volume 2 at 58.  Varble filed a Motion to Correct Error and/or 2nd Motion for Relief from Judgment under Cause No. 631, which was denied.

## *Discussion*

[10]     Varble's argument on appeal is whether the trial court abused its discretion in denying his motion for relief from judgment under Cause No. 631.  A grant of equitable relief under Ind. Trial Rule 60 is within the discretion of the trial court.  *Wagler v. West Boggs Sewer Dist., Inc.*, 980 N.E.2d 363, 371 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*, *cert. denied*, 134 S. Ct. 952 (2014).  An abuse of discretion occurs when the trial court's judgment is clearly against the logic and

---

[5] The court's June 11, 2015 order states the hearing was held on June 4, 2015; however, the transcript in the record states the hearing was held on June 11, 2015.

[6] The order includes a footnote following the title which states: "See generally *In Re: The Marriage of Huss*, 888 N.E.2d 1238 (Ind. 2008)."  Appellant's Appendix Volume 1 at 109 n.1; Appellant's Appendix Volume 2 at 58 n.1.

[7] The record also contains a Motion to Withdraw Motion to Dismiss Paternity Action filed by Carroll on June 10, 2015 in Cause No. 29 and an order dated June 15, 2015, granting the motion to withdraw.

effect of the facts and inferences supporting the judgment for relief. *Id.* When reviewing the trial court's determination, we will not reweigh the evidence. *Id.* Ind. Trial Rule 60(B) affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant. *Id.* at 371-372.

[11] Ind. Trial Rule 60(B) provides in part that the court may relieve a party "from a judgment for the following reasons: (1) mistake, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . (6) the judgment is void; [or] (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." The motion must be filed within a reasonable time for reasons (6) and (8) and not more than one year after the judgment for reasons (1) and (3), and a motion for reasons (1), (3), and (8) must allege a meritorious claim or defense.

[12] Varble argues that a child who is not the biological child of both parties to a dissolution is not a child born of the marriage, that "a dissolution Court does not have subject matter jurisdiction over that child," *see* Appellant's Brief at 10 (citing *Russell v. Russell*, 682 N.E.2d 513 (Ind. 1997)), and that orders issued without subject matter jurisdiction are void.[8] He requests that we direct the trial court to grant his motion for relief from judgment, find that A.C. was not a child of the marriage of Carroll and Stephanie, and remand for further

---

[8] Varble does not cite to Trial Rule 60(B) or any subsection of the rule in his appellant's brief.

determinations regarding Carroll's motions for de facto custody and/or step-parent parenting time.

[13] Carroll maintains that a dissolution decree in which a child is stipulated to be a child of the marriage has the effect of establishing legal paternity and that such orders are not void but are voidable and retain their legal force and effect until successfully challenged or reversed. He argues that he successfully challenged the Agreed Order of Paternity under Cause No. 29 on the grounds that Varble had failed to serve, join, or otherwise notify him of the paternity action. He further maintains that the Indiana Supreme Court in *In re Marriage of Huss*, 888 N.E.2d 1238 (Ind. 2008), "expressly held that a challenge to the biological connection between a party to a dissolution and a child named in said dissolution does not deprive the trial court of subject matter jurisdiction over that child's custody." Appellee's Brief at 2. Carroll requests this court to affirm the court's denial of Varble's motion for relief from judgment and remand for further proceedings on his *de facto* custody petition.

[14] In *Russell v. Russell*, the Indiana Supreme Court stated that, "[b]efore the dissolution court may make a child custody or support determination, it must first determine whether it has jurisdiction to do so, i.e., whether the child at issue is a 'child of the marriage.'" 682 N.E.2d 513, 515 (Ind. 1997). The Court observed that the inquiry into whether a child is a child of the marriage is a determination by the dissolution court of who the child's parents are for purposes of custody, visitation, and support, and in paternity proceedings the inquiry is whether a particular man is the child's biological father, and, if so,

similar determinations as to support, custody, and visitation are made. *Id.* at 517. The Court further observed that in many cases the parties to the dissolution will stipulate or otherwise explicitly or implicitly agree that the child is a child of the marriage; that in such cases, although the dissolution court does not identify the child's biological father, the determination is the legal equivalent of a paternity determination in the sense that the parties to the dissolution, the divorcing husband and wife, will be precluded from later challenging that determination except in extraordinary circumstances; and that, nevertheless, a child or a putative father is not precluded by the dissolution court's finding from filing a separate action to establish paternity at a later time. *Id.* at 518. The Court also noted that, in other cases, the issue of whether a child is a child of the marriage may be vigorously contested and that in such cases the dissolution court has the authority to follow appropriate procedures for making paternity determinations. *Id.*

[15]    In *In re Marriage of Huss*, in seeking dissolution of their marriage, the husband and wife declared there were four children born of their marriage and each requested custody of the children. 888 N.E.2d 1238, 1239 (Ind. 2008). While the dissolution was pending, the wife initiated a separate paternity action in the circuit court of another county and obtained a final order establishing that another man was the biological father of one of the children and granting her custody of that child. *Id.* The wife then sought to use the paternity judgment as a basis to dismiss the custody proceedings regarding the child in the dissolution case. *Id.* Specifically, the wife filed a motion to dismiss the child from the

dissolution proceedings alleging the child was not a child of the marriage and attaching a copy of the paternity order. *Id.* at 1240. The dissolution court denied the wife's motion to dismiss, dissolved the marriage, divided the marital property, and provided for child support and parenting time. *Id.* The dissolution court found, as to the paternity decree's purported award of custody to the wife, that it was "of no binding force" due to procedural irregularities including the failure to make the husband a party and to notify him of the custody claim in the paternity case. *Id.* The court also concluded it would be in the child's best interest that the child be placed in the custody of the husband. *Id.* On appeal the wife claimed the dissolution court erred in failing to recognize the paternity judgment. *Id.* at 1240-1241. She argued that the final paternity judgment and its award of custody could not be invalidated by the dissolution decree. *Id.* at 1241.

[16]     The Indiana Supreme Court stated that the issue was whether the paternity court was authorized to adjudicate a custody issue that was already pending before another court. *Id.* The Court found that, because the subject of child custody was first properly before the circuit court in the dissolution proceeding, the circuit court of another county in the subsequently filed paternity action was precluded from making a custody determination regarding the same child. *Id.* The Court noted that it is well settled that two courts of concurrent jurisdiction cannot deal with the same subject matter at the same time, that once jurisdiction over the parties and the subject matter has been secured, it is retained to the exclusion of other courts of equal competence until the case is

resolved, and that the rule applies where the subject matter before the separate courts is the same but the actions are in different forms. *Id.* (citing *In re Paternity of Fox*, 514 N.E.2d 638 (Ind. Ct. App. 1987), *trans. denied*). The Court further noted that among the legislature's purposes for dissolution proceedings is to provide for child custody, *id.* (citing Ind. Code § 31-15-1-2),[9] that the determination of child custody may be sought in an action for dissolution, for legal separation, for child support, or by "a person other than a parent by filing a petition seeking a determination of custody of the child," *id.* (citing Ind. Code § 31-17-2-3),[10] or in conjunction with a paternity determination. *Id.* (citing Ind. Code § 31-14-10-1).[11]

[17] After noting that the husband had asserted there were four children born of the marriage and that the wife had identified the same four children as born to the marriage in the dissolution proceeding, the Court held that "[t]he subject matter of child custody of all four children was unquestionably before the dissolution court from the inception of the action," *id.* at 1242, that "[t]he wife could have, but did not, seek a determination in the dissolution proceeding that the husband was not the biological father of the child," *id.* (citing *Russell*, 682 N.E.2d at 518),

---

[9] Ind. Code § 31-15-1-2 provides in part that "[t]he purposes and policies of this article are as follows: . . . (3) To provide for the disposition of property, child support, and child custody. . . ."

[10] Ind. Code § 31-17-2-3 provides in part that "[a] child custody proceeding is commenced in the court by: . . . (2) a person other than a parent by filing a petition seeking a determination of custody of the child."

[11] Ind. Code § 31-14-10-1 provides in part that, "[u]pon finding that a man is the child's biological father, the court shall, in the initial determination, conduct a hearing to determine the issues of support, custody, and parenting time. . . ."

that "[t]he wife's subsequent prosecution of a separate paternity action" in the circuit court of another county "could not, and did not, operate to interrupt or supersede the authority of the dissolution court to determine the custody of all four children, including the child who became the subject of the paternity action," and that the dissolution court did not err in failing to give effect to the paternity judgment. *Id.* The Court also noted that, to the extent the wife argued the dissolution court lacked personal jurisdiction over the child of which the husband was not the biological parent, "even if the wife's separate paternity action might arguably be characterized as vigorously contesting whether the child was a child of the marriage pursuant to *Russell*, such argument would not preclude the dissolution court's ultimate custody determination in this case," that *Russell* "did not involve a non-biological 'father's' request for custody predicated on the child's best interest," that such a determination was the ultimate basis for the trial court's decision to award the husband custody of the child he did not father, and that further evaluation of the applicability of *Russell* was not warranted. *Id.* at 1243.

[18]  In this case, at Carroll's request, the court set aside the June 17, 2014 Agreed Order of Paternity in Cause No. 29. As such, there is no order in effect finding that Varble is the biological father of A.C., and Varble does not appeal the court's ruling setting aside the Agreed Order of Paternity. The dissolution decree under Cause No. 631, which contained provisions pertaining to the custody, parenting time, and support of A.C., was entered on December 8, 2009, and Varble filed his petition to establish paternity under Cause No. 29

over four and one-half years later on June 16, 2014, and his motion for relief from judgment under Cause No. 631 on August 12, 2014.

[19] With respect to Varble's assertion that the dissolution court did not have subject matter jurisdiction over A.C. in Cause No. 631 and that the court should have granted his motion for relief from the decree on that basis, we observe that the dissolution action under Cause No. 631 and later the paternity action initiated by Varble under Cause No. 29 were before the Jefferson Circuit Court, that Ind. Code § 33-28-1-2 provides in part that "all circuit courts have . . . original and concurrent jurisdiction in all civil cases," and that Varble does not cite to any statute stating that the Jefferson Circuit Court does not have the authority to hear dissolution cases or to make child custody, parenting time, and child support determinations in dissolution proceedings. *See K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006) ("Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs."); *In re B.J.N.*, 19 N.E.3d 765, 768 (Ind. Ct. App. 2014) (noting that circuit courts are courts of general jurisdiction, empowered to hear all types of cases). Finding the Indiana Supreme Court's opinion in *Huss* to be instructive, we conclude that the matter of the custody of A.C. and the other child identified in the dissolution decree was before the Jefferson Circuit Court under Cause No. 631 from the inception of that dissolution action, and that the court had the authority to determine the custody of both children. *See Huss*, 888 N.E.2d at 1241-1242 (noting that the determination of child custody may be sought in an action for dissolution and holding that the subject matter of child

custody of all four children, including the child who became the subject of the wife's separate paternity action, was unquestionably before the dissolution court from the inception of the action) (citing *Russell*, 682 N.E.2d at 518).

[20] To the extent Varble cites *Russell* in asserting the court in Cause No. 631 did not have jurisdiction over A.C. when it entered the December 8, 2009 decree, we observe that the parties did not dispute at the time of the dissolution that the court had the authority to enter the decree containing terms of custody, parenting time, and support related to A.C. *See Harris v. Harris*, 922 N.E.2d 626, 632 (Ind. Ct. App. 2010) (observing a defendant can submit to the personal jurisdiction of the court by failing to raise the issue of lack of jurisdiction); *see also* Ind. Code § 31-14-7-1 (providing in part that a man is presumed to be a child's biological father if the man and the child's biological mother are or have been married to each other and child is born during the marriage). Indeed, Stephanie and Carroll expressly agreed in the Settlement Agreement and Decree of Dissolution of Marriage that it was in the best interest of A.C. that they share joint legal and physical custody, and that A.C. spend fifty percent of his time in each of their homes. Similar to *Huss*, even if the paternity action initiated by Varble four and one-half years after the dissolution decree might arguably be characterized as vigorously contesting whether A.C. was a child of the marriage under *Russell*, the Jefferson Circuit Court was not precluded from determining, in the dissolution action under Cause No. 631, the issue of custody of A.C. based on A.C.'s best interest at the time of the decree. *See Huss*, 888 N.E.2d at 1243 (noting that, even if the wife's separate paternity

action might arguably be characterized as vigorously contesting whether the child was a child of the marriage pursuant to *Russell*, such argument would not preclude the dissolution court's ultimate custody determination in the case).

[21] Based upon the record, we conclude that the trial court did not abuse its discretion in denying Varble's motion for relief from judgment under Cause No. 631.

### *Conclusion*

[22] For the foregoing reasons, we affirm the trial court's denial of Varble's motion for relief from judgment under Cause No. 631.

[23] Affirmed.

Baker, J., and May, J., concur.