Charles **SHAFFER**, David Keesling, Montgomery Buffum, Martin Kipp, and Roscoe Smith, Appellants–Plaintiffs,

v.

**STATE** of Indiana, the Indiana State Police Department, the Indiana State Police Board, the Indiana State Budget Agency, Patrick J. Bennett, James W. Heyde, David J. Allen, Robert B. McConnell, George Dexter Gardner, and Gwendolyn J. Morgan, in their official capacity as members of the Indiana State Police Board, and Melvin J. Carraway, in his official capacity as the Superintendent of the Indiana State Police Department, Appellees–Defendants.

No. 49A04–0208–CV–370.

Court of Appeals of Indiana.

Sept. 17, 2003.

James O. McDonald, Delmar P. Kuchaes, II, Everett, Everett & McDonald, Terre Haute, IN, Attorneys for Appellants.

Steve Carter, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

VAIDIK, Judge.

### Case Summary

State of Indiana employees Charles Shaffer, David Keesling, Montgomery Buffum, Martin Kipp, and Roscoe Smith (collectively "Managers") appeal the trial court's grant of summary judgment in favor of the State of Indiana, the Indiana State Police Department, the Indiana State Police Board, the Indiana State Budget Agency, members of the Indiana State

Police Board, and Melvin Carraway, the Superintendent of the Indiana State Police Department (collectively "the State"). Specifically, Managers contend that the State breached its employment contract with them by failing to pay them according to the salary matrix as provided in Indiana Code § 10–11–2–27.[1] Because we conclude that this statute does not apply to Managers by virtue of their management positions, we affirm the trial court.

### Facts and Procedural History

Managers are civilian employees of the Indiana State Police Department ("ISP") who hold management positions in the Commercial Vehicle Enforcement Division ("Division"). Specifically, Smith is employed as a Motor Carrier Inspector District Coordinator; Shaffer, Keesling, and Buffum are employed as Motor Carrier Inspector Zone Coordinators; and Kipp is employed as a Motor Carrier Inspector Administrator. In addition to these management positions in the Division, there is the rank of "Motor Carrier Inspector," which falls within the following job titles: Master Motor Carrier Inspector; Senior Master Motor Carrier Inspector; Motor Carrier Inspector; and Motor Carrier Inspector Trainee.[2] Appellant's App. p. 147. These are all non-management positions.

In 1995, the Indiana General Assembly enacted Indiana Code § 10–11–2–27, which sets forth a salary matrix for motor carrier inspectors. According to the statute, which went into effect in 1996, the Indiana State Police Board ("Police Board") is charged with categorizing the salaries of motor carrier inspectors based upon rank and the number of years of service. Ind.

---

**1.** Both parties refer to Indiana Code § 10–1–1–27 in their briefs; however, this section was recodified in 2003 to Indiana Code § 10–11–2–27. Therefore, for purposes of this appeal, we will refer to this statute as Indiana Code § 10–11–2–27.

**2.** These were the positions in effect in 1996 when Indiana Code § 10–11–2–27 took effect. Appellant's App. p. 147.

Code § 10–11–2–27(a). The statute also provides that the Indiana State Budget Agency ("Budget Agency") must review and approve the salaries. I.C. § 10–11–2–27(c). In early 1996, Shaffer sent a letter to the Superintendent of the ISP inquiring whether the management positions of Motor Carrier Inspector Zone Coordinator and Motor Carrier Inspector Administrator would be covered by the salary matrix as set forth in Indiana Code § 10–11–2–27. The Superintendent replied that these positions "were intentionally not included in the recently approved [Motor Carrier Inspector] pay matrix. The reasoning behind this is that these . . . positions are not covered by the [UNITY] settlement; thus, a salary matrix for these positions was not negotiated with the [UNITY] Team." Appellant's App. p. 141. The UNITY Team is the union that represents motor carrier inspectors.

In February 2000, Managers filed a complaint against the State. The complaint alleged breach of contract and sought damages as well as mandamus relief.[3] Specifically, Managers alleged that the State breached its contract of employment with them by failing to pay them according to the salary matrix set forth in Indiana Code § 10–11–2–27. Managers therefore sought back pay as well as a writ of mandamus compelling the State to comply with Indiana Code § 10–11–2–27. In February 2002, Managers filed a motion for summary judgment. Following a hearing, the trial court entered findings of fact and conclusions of law granting summary judgment in favor of the State. This appeal ensued.[4]

## Discussion and Decision

■■■ Managers appeal the trial court's grant of summary judgment in favor of the State. Specifically, Managers contend that the State breached its contract of employment with them by failing to pay them according to the salary matrix as provided in Indiana Code § 10–11–2–27. Managers also contend that they are entitled to mandamus relief compelling the State to comply with Indiana Code § 10–11–2–27. In reviewing a trial court's ruling on a motion for summary judgment, this Court faces the same issues that were before the trial court and follows the same process. *Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, 1264 (Ind.Ct.App. 2002), *trans. denied.* We do not weigh evidence but, instead, liberally construe the facts in a light most favorable to the nonmoving party. *Id.* Summary judgment is appropriate only when the designated evidence demonstrates that there is no genuine issue regarding any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Merrill*, 771 N.E.2d at 1264. The party appealing a summary judgment ruling has the burden of persuading this Court that the grant or denial of summary judgment was erroneous. *Merrill*, 771 N.E.2d at 1264. We will affirm the grant of summary judgment on any legal basis supported by the designated evidence. *Id.*

---

3. The complaint also alleged that the State violated 42 U.S.C. § 1983. However, Managers do not appeal the grant of summary judgment on this count.

4. We note that this Court dismissed this appeal in December 2002 on grounds that the trial court's order entering summary judgment in favor of the State was not a final, appealable judgment. Managers sought transfer to the Indiana Supreme Court. In April 2003, the Indiana Supreme Court granted transfer, concluded that the order was a final, appealable judgment, and remanded the case to this Court for further proceedings. *Shaffer v. State*, Cause No. 49S04–0304–CV–154 (Ind. Apr. 11, 2003) (unpublished order). This Court subsequently resumed consideration of this appeal.

In its order granting summary judgment in favor of the State, the trial court concluded that Indiana Code § 10–11–2–27, which speaks in terms of "motor carrier inspectors," does not apply to Managers because they hold management positions. In order to address the reach of this statute, we turn to the language of Indiana Code § 10–11–2–27, which provides in pertinent part:

(a) The board shall categorize salaries of motor carrier inspectors within each rank based upon the rank held and the number of years of service in the department through the tenth year. The salary ranges the board assigns to each rank shall be divided into a base salary and ten (10) increments above the base salary, with:

(1) the base salary in the rank paid to a person with less than one (1) year of service in the department; and

(2) the highest salary in the rank paid to a person with at least ten (10) years of service in the department.

On appeal, Managers argue that "motor carrier inspectors" as used in this statute clearly and unambiguously means all motor carrier *employees* in the Division, including both those whose duty it is to inspect as well as those with management responsibility, such as themselves. The State, on the other hand, argues that "motor carrier inspectors" means only those motor carrier employees in the Division whose duty it is to inspect; otherwise, the statute would read "motor carrier employees." In essence, Managers claim that "motor carrier inspectors" has a generic meaning, that is, all motor carrier employees in the Division, while the State proposes that "motor carrier inspectors" has a specific meaning, that is, only those motor carrier employees in the Division whose duty it is to inspect. Because "motor carrier inspectors" as used in Indiana Code § 10–11–2–27 is subject to more than one interpretation, we conclude that it is ambiguous and therefore resort to principles of statutory construction. *See Ross v. Ind. State Bd. of Nursing,* 790 N.E.2d 110, 119 (Ind.Ct.App.2003).

Statutory interpretation is a question of law reserved for the court and is reviewed *de novo. Murray v. Conseco, Inc.,* 766 N.E.2d 38, 41 (Ind.Ct.App.2002), *reh'g denied. De novo* review allows us to decide an issue without affording any deference to the trial court's decision. *Bader v. Johnson,* 732 N.E.2d 1212, 1216 (Ind. 2000). When a statute has not previously been construed, such as Indiana Code § 10–11–2–27, our interpretation is controlled by the express language of the statute and the rules of statutory construction. *Ross,* 790 N.E.2d at 119. Our goal in statutory construction is to determine, give effect to, and implement the intent of the legislature. *Robinson v. Gazvoda,* 783 N.E.2d 1245, 1250 (Ind.Ct.App.2003), *trans. denied.* When a statute is subject to different interpretations, the interpretation of the statute by the administrative agency charged with the duty of enforcing the statute is entitled to great weight, unless that interpretation is inconsistent with the statute itself. *LTV Steel Co. v. Griffin,* 730 N.E.2d 1251, 1257 (Ind.2000). When a court is faced with two reasonable interpretations of a statute, one of which is supplied by an administrative agency charged with enforcing the statute, the court should defer to the agency. *See Sullivan v. Day,* 681 N.E.2d 713, 716 (Ind. 1997); *see also Ind. Family & Soc. Servs. Admin. v. Radigan,* 755 N.E.2d 617, 624 (Ind.Ct.App.2001) (Baker, J., concurring in result). When a court determines that an administrative agency's interpretation is reasonable, it should "terminate[ ] its analysis" and not address the reasonableness of the other party's interpretation. *Ind. Wholesale Wine & Liquor Co. v. State ex*

*rel. Ind. Alcoholic Beverage Comm'n,* 695 N.E.2d 99, 105 (Ind.1998); *see also Radigan,* 755 N.E.2d at 624. Terminating the analysis recognizes "the general policies of acknowledging the expertise of agencies empowered to interpret and enforce statutes and increasing public reliance on agency interpretations." *Ind. Wholesale Wine,* 695 N.E.2d at 105.

 Here, the agency charged with reviewing and approving the salary matrix is the Budget Agency, and the agency charged with enforcing the statute is the Police Board. *See* I.C. § 10–11–2–27(a) & (c). According to Major Dan Meek, the commander of the Human Resources Division of the ISP, "[p]ursuant to I.C. 4–15–2–11, Executive Order 90–6, and the Settlement between the State of Indiana and the UNITY Team then [in] effect, the State Personnel Agency also reviewed and approved the matrix developed pursuant to" Indiana Code § 10–11–2–27. Appellant's App. p. 148. When the Police Board was creating the salary matrix for motor carrier inspectors, it decided to pay management employees in the Division "outside the matrix of motor carrier inspectors ... based upon the initial decision and recommendation of the Budget Agency and State Personnel." *Id.* "The [ISP] made this decision because [Managers] are members of management above the rank of Motor Carrier Inspector and not part of [the settlement with the UNITY Team]. This decision has allowed ... for more flexibility to provide raises and growth in their positions." *Id.*

Given the fact that Managers hold management positions and therefore are not covered by the settlement with the UNITY Team, the Police Board's interpretation that the salary matrix set forth in Indiana Code § 10–11–2–27 only applies to non-management motor carrier inspectors is entirely reasonable. This is especially so because Managers have received pay raises and/or cash bonuses since the effective date of Indiana Code § 10–11–2–27. Moreover, the language of Indiana Code § 10–11–2–27 supports this interpretation. Specifically, the statute provides that "the board shall categorize salaries of motor carrier inspectors *within each rank ....*" I.C. § 10–11–2–27(a) (emphasis added). As explained in the Facts section of this opinion, the rank of motor carrier inspector falls within the following job titles: Master Motor Carrier Inspector, Senior Master Motor Carrier Inspector, Motor Carrier Inspector, and Motor Carrier Inspector Trainee. Because the Police Board, the agency charged with enforcing the statute, has put forth a reasonable interpretation, we therefore terminate our analysis and need not address the reasonableness of Managers' interpretation. Because we conclude that this statute is not applicable to Managers,[5] we therefore affirm the trial court's grant of summary judgment in favor of the State.

Judgment affirmed.

KIRSCH and BAILEY, JJ., concur.

---

**5.** In light of this holding, we do not need to address Managers' arguments regarding damages and mandamus relief.