FILED

Aug 11 2017, 7:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANTS

Jeffrey M. Bellamy
Stephen R. Donham
Thrasher Buschmann & Voelkel, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

S. Gregory Zubek
Whitham, Hebenstreit & Zubek, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Metropolitan Board of Zoning Appeals Division III of Marion County, Indiana, and Three Mile Properties, Inc., (s/k/a Three Mile Properties–Gurpreet Singh),

*Appellants-Respondents,*

v.

Traders Point Association of Neighborhoods, Kenneth F. Zahora (TRS), Cherie L. Zahora (TRS), Michael L. Wigginton, Linda McElwrath, Traders Pointe Neighborhood Association, Inc., Marco A. Caccamo, and Metropolitan School District of Pike Township,

August 11, 2017

Court of Appeals Case No.
49A04-1703-PL-554

Appeal from the Marion Superior Court

The Honorable John F. Hanley, Judge

Trial Court Cause No.
49D11-1602-PL-5766



*Appellees-Petitioners.*

**Bradford, Judge.**

# Case Summary

On March 9, 2015, Gurpreet Singh, in his position as a principal and the registered agent of Appellant-Respondent Three Mile Properties, Inc. ("Three Mile"), filed an application for an Improvement Location Permit ("ILP"). Specifically, Singh sought permission to build a gas station and convenience store on certain real estate located in the City of Indianapolis ("the City"). The real estate was zoned "C-3" which allows for such businesses. Upon review of Singh's March 9, 2015 application ("the Application"), the City's Department of Code Enforcement ("DCE") issued ILP number 15-00384, granting permission for the proposed development. On February 16, 2016, Appellant-Respondent the Metropolitan Board of Zoning Appeals ("the BZA") upheld the issuance of ILP 15-00384.

Petitioners-Appellees Traders Point Association of Neighborhoods, Kenneth F. Zahora (TRS), Cherie L. Zahora (TRS), Michael L. Wigginton, Linda

McElwrath, Traders Pointe Neighborhood Association, Inc., Marco A. Caccamo, and Metropolitan School District of Pike Township (collectively, "the Appellees") appealed the BZA's decision to the trial court. On February 28, 2017, the trial court reversed the decision of the BZA. Three Mile appealed, arguing that the trial court erred in reversing the decision of the BZA. Because we agree with Three Mile, we reverse the judgment of the trial court and reinstate the decision of the BZA.

## Facts and Procedural History

[3] Three Mile was incorporated in October of 2014 by Gurpreet and Shiv Pal Singh. Gurpreet and Shiv Pal serve as principals of Three Mile and Gurpreet serves as Three Mile's registered agent.

[4] On November 19, 2014, Three Mile entered into a land contract ("the Land Contract") to purchase a parcel "commonly known as 8562 Lafayette Road, Indianapolis, Indiana 46278" ("the Property") from Linda Ryan.[1] Appellants' App. Vol. II, pp. 79-90. Both Gurpeet and Shiv Pal signed the contract on behalf of Three Mile. The Land Contract was subsequently recorded in the Marion County Recorder's Office on November 26, 2014.

---

[1] Linda's daughter, Holly Bzezinski, submitted a letter dated December 7, 2015, to the BZA in which she indicated that Linda had "recently passed away," that she was Linda's heir, and that "neither [Holly's] mother nor her heirs considered themselves owners of the [P]roperty after [the Land Contract] was executed and [the] payments made." Appellants' App. Vol. II, p. 113.

[5] On March 9, 2015, the Application for an ILP was filed. The Application listed Gurpreet as the "Owner" and was signed by Michael Cope.[2] Appellants' App. Vol. II, p. 41. Various other related applications list either Gurpreet or Three Mile as the owner of the Property.

[6] On April 20, 2015, while the Application was pending, the Indianapolis City-County Council ("the City Council") approved an ordinance that would prohibit new permits for being issued for gasoline service stations or convenience markets in C-3 zoning districts pending an amendment to the Marion County zoning code or June 1, 2016, whichever was earlier ("the Moratorium Ordinance"). The Moratorium Ordinance was approved and signed by the Mayor of Indianapolis on April 29, 2015.

[7] The Application was subsequently approved and on June 23, 2015, ILP number 15-00384, which granted permission for the proposed development, was issued to "Three Mile Property–Gurpreet Singh." Appellants' App. Vol. II, p. 112. The Appellees then appealed the issuance of the ILP to the BZA. Following its review of the matter, the BZA issued the following:

> BASED ON THE EVIDENCE SUBMITTED THE PETITIONER FAILED TO MEET ITS BURDEN OF PROOF TO SHOW THAT IMPROVEMENT LOCATION PERMIT NO. ILP 15-00384 WAS ISSUED IN ERROR. The subject site is zoned C-3, a zoning designation which at the time [the] application was made for ILP 15-000384, permitted a gas station

---

[2] It appears that Cope was an architect working on the project with Gurpreet and Three Mile.

and convenience store by right, without the need for any variance of use. The proposed gas station and convenience store meets all development standards of the Commercial Zoning Ordinance for C-3 zoned property. ILP 15-00384 was properly issued.

DECISION

IT IS THEREFORE the decision of this body that this ADMINISTRATIVE APPEAL petition is DENIED.

Adopted this 16th day of February, 2016.

Appellants' App. Vol. II, p. 120.

[8] The Appellees next appealed the BZA's decision to the trial court. The trial court acknowledged the Land Contract but nonetheless concluded that "[a]t the time the ILP was filed in March 2015, neither Gurpreet Singh nor Michael Cope was the owner or lessee of the [P]roperty at 8562 Lafayette Road." Appellants' App. Vol. II, p. 18. The trial court further concluded that Application was not complete and that the BZA "committed a fundamental error in law in denying the appeal of the grant of the ILP in this case because neither [Gurpreet] nor Cope was the owner of the Property." Appellants' App. Vol. II, p. 18. Because the Application was not complete when filed, the trial court also concluded that the Moratorium Ordinance applied to the Application. Given these conclusions, the trial court ordered the following:

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that:

1. The decision of the BZA denying the appeal of the grant of ILP 15-00384 to Three Mile Properties – Gurpreet Singh

(a)  was arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law including the ordinance requiring that an application for an improvement location permit be made by the owner (or owner's authorized agent) because

> (i)  Gurpreet Singh was not the owner; and/or
> (ii)  Three Mile Properties, Inc. is not Gurpreet Singh; and/or
> (iii)  Three Mile Properties, Inc. is not an owner within the definition of "owner" as set out by the applicable legislative body, the City County Council; and

(b)  was contrary to ordinance and unsupported by substantial evidence for the following reasons:

> (i)  Gurpreet Singh was not the owner; and/or
> (ii)  Three Mile Properties, Inc. is not Gurpreet Singh; and/or
> (iii)  Three Mile Properties, Inc. is not an owner within the definition of "owner" as set out by the applicable legislative body, the City County Council.

2.  The action of the BZA is set aside, this cause is remanded to the BZA for action consistent with the Findings and Conclusions set out herein and the BZA is ordered to reverse, rescind and/or otherwise vacate the grant of ILP 15-00384 to Three Mile Properties – Gurpreet Singh.

Appellants' App. Vol. II, pp. 19-20.  This appeal follows.

# Discussion and Decision

[9]     Three Mile contends that the trial court erred in overturning the determination of the BZA. Specifically, Three Mile argues that the trial court erroneously determined that the Application was not complete when filed on March 9, 2015. Three Mile also argues that the trial court erroneously determined that the Moratorium Ordinance, which was approved by the City Council on April 20, 2015 and signed by the Mayor on April 29, 2015, applied to the Application. We agree with Three Mile.

## I. Standard of Review

[10]    "This court and the trial court are bound by the same standards when reviewing the decision of a board of zoning appeals." *Town of Munster Bd. of Zoning Appeals v. Abrinko*, 905 N.E.2d 488, 491 (Ind. Ct. App. 2009). Indiana Code section 36-7-4-1614(d) provides that a reviewing court should grant relief

> only if the court determines that a person seeking judicial relief
> has been prejudiced by a zoning decision that is:
>
> (1) arbitrary, capricious, an abuse of discretion, or
> otherwise not in accordance with law;
> (2) contrary to constitutional right, power, privilege,
> or immunity;
> (3) in excess of statutory jurisdiction, authority or
> limitations, or short of statutory right;
> (4) without observance of procedure required by law;
> or
> (5) unsupported by substantial evidence.

"The burden of demonstrating the invalidity of a zoning decision is on the party to the judicial review proceeding asserting invalidity." Ind. Code § 36-7-4-1614(a).

[11]  In reviewing an administrative decision, a trial court may not try the facts de novo or substitute its own judgment for that of the agency. [*S & S Enterprises, Inc. v. Marion Cty. Bd. of Zoning Appeals*, 788 N.E.2d 485, 490 (Ind. Ct. App. 2003), *trans. denied*]. "Neither the trial court nor the appellate court may reweigh the evidence or reassess the credibility of witnesses." *Id*. Reviewing courts must accept the facts as found by the zoning board. *Id*.

*Hoosier Outdoor Advert. Corp. v. RBL Mgmt., Inc.*, 844 N.E.2d 157, 163 (Ind. Ct. App. 2006), *trans. denied*. Questions of law generally decided by an agency de novo. *Id*. (citing *Huffman v. Office of Envtl. Adjudication*, 811 N.E.2d 806, 809 (Ind. 2004)).

However, an agency's construction of its own ordinance is entitled to deference. *See Story Bed & Breakfast, LLP v. Brown County Area Plan Comm'n*, 819 N.E.2d 55, 66 (Ind. 2004). The ordinary rules of statutory construction apply in interpreting the language of a zoning ordinance. *Id*. at 65. Under those rules, the express language of the ordinance controls our interpretation and our goal is to determine, give effect to, and implement the intent of the enacting body. *See Shaffer v. State*, 795 N.E.2d 1072, 1076 (Ind. Ct. App. 2003). When an ordinance is subject to different interpretations, the interpretation chosen by the administrative agency charged with the duty of enforcing the ordinance is entitled to great weight, unless that interpretation is inconsistent with the ordinance itself. *See id*. If a court is faced with two reasonable interpretations of an ordinance, one of which is supplied by an administrative agency charged with enforcing the ordinance, the court should defer to the agency. *See id*. Once a

court determines that an administrative agency's interpretation is reasonable, it should end its analysis and not address the reasonableness of the other party's interpretation. *Id.* at 1076-77. Terminating the analysis reinforces the policies of acknowledging the expertise of agencies empowered to interpret and enforce ordinances and increasing public reliance on agency interpretations. *Id.* at 1077.

*Id.* (footnote omitted).

# II. Ownership Issue

[12] With regard to ownership of property purchased via land contract, the Indiana Supreme Court has held as follows:

> Under a typical conditional land contract, the vendor retains legal title until the total contract price is paid by the vendee. Payments are generally made in periodic installments. Legal title does not vest in the vendee until the contract terms are satisfied, but equitable title vests in the vendee at the time the contract is consummated. When the parties enter into the contract, all incidents of ownership accrue to the vendee. *Thompson v. Norton* (1860), 14 Ind. 187. The vendee assumes the risk of loss and is the recipient of all appreciation in value. *Thompson, supra*. The vendee, as equitable owner, is responsible for taxes. *Stark v. Kreyling* (1934), 207 Ind. 128, 188 N.E. 680. The vendee has a sufficient interest in land so that upon sale of that interest, he holds a vendor's lien. *Baldwin v. Siddons* (1910), 46 Ind. App. 313, 90 N.E. 1055, 92 N.E. 349.
>
> This Court has held, consistent with the above notions of equitable ownership, that a land contract, once consummated constitutes a present sale and purchase. The vendor "has, in effect, exchanged his property for the unconditional obligation of the vendee, the performance of which is secured by the retention

of the legal title." *Stark v. Kreyling, supra*, 207 Ind. at 135, 188 N.E. at 682. The Court, in effect, views a conditional land contract as a sale with a security interest in the form of legal title reserved by the vendor. Conceptually, therefore, the retention of the title by the vendor is the same as reserving a lien or mortgage. Realistically, vendor-vendee should be viewed as mortgagee-mortgagor. To conceive of the relationship in different terms is to pay homage to form over substance. *See* Principles of Equity, Clark, 4th edition, Sec. 9, p. 23.

*Skendzel v. Marshall*, 261 Ind. 226, 234, 301 N.E.2d 641, 646 (1973). Stated differently, "the vendee in possession for all practical purposes becomes the owner of the property with all the rights of an owner in the operation of it, subject only of course to the terms of the contract[.] *Id.* at 235, 301 N.E.2d at 646 (internal quotation and citations omitted).

[13] With regard to ownership of the Property, the relevant facts demonstrate that Ryan entered into the Land Contract with Three Mile on November 19, 2014. Gurpreet is an incorporator, a principal, and the registered agent of Three Mile. Gurpreet signed the Land Contract on behalf of Three Mile. The Land Contract was subsequently recorded in the Marion County Recorder's office.

[14] On March 9, 2015, the Application for an ILP was filed. The Application listed Gurpreet as the "Owner." Appellants' App. Vol. II, p. 41. The Application was subsequently approved and on June 23, 2015, an ILP was issued to "Three Mile Property–Gurpreet Singh." Appellants' App. Vol. II, p. 112. The Appellees appealed the issuance of the ILP to the BZA. Upon review, the BZA upheld the issuance of the ILP.

[15] The Appellees appealed the BZA's decision to the trial court. The trial court concluded that "[a]t the time the ILP was filed in March 2015, neither Gurpreet Singh nor Michael Cope was the owner or lessee of the [P]roperty at 8562 Lafayette Road." Appellants' App. Vol. II, p. 18. As such, the trial court further concluded that Application was not complete and that the BZA "committed a fundamental error in law in denying the appeal of the grant of the ILP in this case because neither [Gurpreet] nor Cope was the owner of the Property." Appellants' App. Vol. II, p. 18.

[16] To conclude that Three Mile was not the owner of the Property would, in effect, "pay homage to form over substance." *See Skendzel*, 261 Ind. at 234, 301 N.E.2d at 646. The facts set forth above clearly established Three Mile as the equitable owner of the Property. Gurpreet, as the registered agent of Three Mile, was therefore properly listed on the Application. Further, given the issuance of the ILP to "Three Mile Property–Gurpreet Singh," it is clear that the agency recognized these facts and considered Three Mile as the equitable owner of the Property and applicant for the permit. As such, following the reasoning set forth by the Indiana Supreme Court in *Skendzel*, we conclude that the trial court erred in concluding that the Application was not complete because it was not filed by or on behalf of the owner of the property.

## III. Applicability of the Moratorium Ordinance

[17] Having concluded that the Application was complete when filed on March 9, 2015, we must next consider whether the Moratorium Ordinance applies to the

Application. With respect to applications for land use or construction approvals and permits from a local government board or agency, Indiana Code section 36-7-4-1109(c) provides as follows:

> If a person files a complete application as required by the effective ordinances or rules of a local unit of government or a local governmental agency for a permit with the appropriate local governmental agency, *the granting of the permit*, and the granting of any secondary, additional, or related permits or approvals required from the same local governmental agency with respect to the general subject matter of the application for the first permit, *are governed* for at least three (3) years after the person applies for the permit *by the statutes, ordinances, rules, development standards, and regulations in effect and applicable to the property when the application is filed, even if before the issuance of the permit or while the permit approval process is pending*, or before the issuance of any secondary, additional, or related permits or approvals or while the secondary, additional, or related permit or approval process is pending, *the statutes, ordinances, rules, development standards, or regulations governing the granting of the permit or approval are changed by the general assembly or the applicable local legislative body or regulatory body*, regardless of whether such changes in the statutes, ordinances, rules, development standards, or regulations are part of a zoning ordinance, a subdivision control ordinance, or a statute, ordinance, or regulation that is based on the general police powers of the local unit of government.

(Emphases added).

[18] It is undisputed that the Application was filed on March 9, 2015. It is also undisputed that the Moratorium Ordinance was not approved by the City Council until April 20, 2015, or signed by the Mayor on April 29, 2015. Given the unambiguous provisions of Indiana Code section 36-7-4-1109(c) coupled

with the fact that the Application was filed before the Moratorium Ordinance went into effect, the Moratorium Ordinance did not apply to the Application. We therefore conclude that the trial court erred in finding otherwise.

# Conclusion

In sum, we conclude that the trial court erred in reversing the decision of the BZA. We therefore reverse the decision of the trial court and reinstate the February 16, 2016 decision of the BZA.

May, J., and Barnes, J., concur.