**FILED**

Jul 30 2020, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Lisa Diane Manning
Danville, Indiana

ATTORNEY FOR APPELLEES

John J. Moore
Touhy Bailey & Moore LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Monster Trash, Inc.,

*Appellant/Petitioner,*

*v.*

Owen County Council, Owen County Commissioners, and Owen County Board of Zoning Appeals,

*Appellee/Respondent.*

July 30, 2020

Court of Appeals Case No. 20A-PL-918

Appeal from the Morgan Circuit Court[1]

The Hon. Matthew G. Hanson, Judge

Trial Court Cause No. 55C01-2002-PL-247

**Bradford, Chief Judge.**

## Case Summary

---

[1] This case was initiated in Owen County as cause number 60C02-1912-PL-581 and later transferred to Morgan County. (Appellant's App. Vol. II p. 2).

[1] In December of 2018, Monster Trash, Inc., applied to the Indiana Department of Environmental Management ("IDEM") for a license to operate a solid waste transfer station at 2243 State Highway 43 in Owen County ("the Property"). During the application process, IDEM informed Monster Trash that IDEM required a document from an Owen County official indicating that no rezoning or variance would be necessary for operation of the proposed waste transfer station on the Property. The Owen County Board of Zoning Appeals ("the BZA"), the Owen County Council, and the Owen County Commissioners (collectively, "the County") refused to issue the requested document. After Monster Trash and the County both petitioned the trial court for declaratory judgment, the trial court entered it in favor of the County. Monster Trash contends that the trial court erred in so doing. Because we agree with Monster Trash, we reverse and remand with instructions.

## Facts and Procedural History

[2] At some point before December 28, 2018, Monster Trash applied to IDEM for a license to operate a solid waste transfer station on the Property, which is zoned "Heavy Industrial." On December 28, 2018, IDEM responded, indicating that, as a condition of approval, Monster Trash was required to provide a "document from a county authority confirming zoning requirements are not needed for the location of the proposed facility."[2] Appellant's App. Vol.

---

[2] We take this, as do the parties, as a request for a document from the County confirming that rezoning or the securing of a variance would not be necessary to operate a solid waste transfer station on the Property.

II p. 15.  Following a meeting of the BZA, the County refused to provide the requested document.

[3]     On December 23, 2019, Monster Trash petitioned for a declaratory judgment that its intended use of the Property was permitted pursuant to the Owen County Zoning and Subdivision Control Ordinance ("the Ordinance").  On February 11, 2020, Monster Trash moved for summary judgment and reiterated its request for declaratory judgment.  On February 14, 2020, the County responded, arguing that operating a solid waste transfer facility in a Heavy Industrial district is absolutely prohibited pursuant to the Ordinance.  On March 30, 2020, the trial court entered declaratory judgment in favor of the County.

# Discussion and Decision

[4]     In this case, we review, as the trial court did, the BZA's refusal to issue a document indicating that no rezoning or variance would be necessary for Monster Trash's operation of a waste transfer station on the Property.  "This court and the trial court are bound by the same standards when reviewing the decision of a board of zoning appeals."  *Town of Munster Bd. of Zoning Appeals v. Abrinko*, 905 N.E.2d 488, 491 (Ind. Ct. App. 2009).  Indiana Code section 36-7-4-1614(d) provides, in part, that a reviewing court should grant relief "if the court determines that a person seeking judicial relief has been prejudiced by a zoning decision that is […] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]"  "The burden of demonstrating the

invalidity of a zoning decision is on the party to the judicial review proceeding asserting invalidity." Ind. Code § 36-7-4-1614(a).

> In reviewing an administrative decision, a trial court may not try the facts *de novo* or substitute its own judgment for that of the agency. [*S&S Enterprises, Inc. v. Marion Cty. Bd. of Zoning Appeals*, 788 N.E.2d 485, 490 (Ind. Ct. App. 2003), *trans. denied*]. "Neither the trial court nor the appellate court may reweigh the evidence or reassess the credibility of witnesses." *Id.* Reviewing courts must accept the facts as found by the zoning board. *Id.*

*Hoosier Outdoor Advert. Corp. v. RBL Mgmt., Inc.*, 844 N.E.2d 157, 163 (Ind. Ct. App. 2006), *trans. denied*. "Generally, we review questions of law decided by an agency *de novo*." *Id.* (citing *Huffman v. Office of Envtl. Adjudication*, 811 N.E.2d 806, 809 (Ind. 2004)).

The parties agree that this case turns on interpretation of certain provisions of the Ordinance. While the ordinary rules of statutory construction apply in interpreting the language of a zoning ordinance, an agency's construction of its own ordinance is entitled to deference. *See Story Bed & Breakfast, LLP v. Brown Cty. Area Plan Comm'n*, 819 N.E.2d 55, 65, 66 (Ind. 2004). The express language of the ordinance controls our interpretation, and our goal is to determine, give effect to, and implement the intent of the enacting body. *See Shaffer v. State*, 795 N.E.2d 1072, 1076 (Ind. Ct. App. 2003). When an ordinance is subject to different interpretations, the interpretation chosen by the administrative agency charged with the duty of enforcing the ordinance is entitled to great weight, unless that interpretation is inconsistent with the ordinance itself. *See id.*

[7] Chapter 3 of the Ordinance contains the following provision:

> 3.5 - Non-Permitted Uses
>
> All junkyards, race tracks, waste incinerators, and waste transfer stations (not licensed and approved by the State of Indiana) are non-permitted uses in the Owen County Jurisdictional Area, which prohibition cannot be removed by an appeal for a use variance to the Owen County Board of Zoning Appeals.

Appellant's App. Vol. II p. 43.

[8] The BZA apparently refused to issue the requested document because it interprets the Ordinance as absolutely prohibiting the operation of a solid waste transfer station on the Property (an interpretation the County urges on appeal), but this is simply not true. Subsection 3.5 of the Ordinance clearly provides that such stations are prohibited unless they are "licensed and approved by the State of Indiana[,]" which means that they are, in fact, *not* absolutely prohibited. Appellant's App. Vol. II p. 43. Somewhat inconsistently in light of its first assertion, the County also argues that Monster Trash could obtain a variance to operate a solid waste transfer station on the Property. This is also not true, as Subsection 3.5 clearly provides that variances allowing non-permitted uses cannot be issued. In the end, obtaining a State-issued license is the only way to legally operate a waste transfer station in the Owen County Jurisdictional Area, and applying for a variance would change nothing.

[9] With this in mind, we now turn to IDEM's request for the document regarding "zoning requirements." In light of the fact that "zoning requirements" are not, in fact, required to operate a solid waste transfer station on the Property (and

indeed, not even relevant), we have little trouble concluding that not only is the County's refusal to issue the requested document *not* in accordance with the clear provisions of subsection 3.5, it also qualifies as arbitrary, capricious, and an abuse of discretion. *See* Ind. Code § 36-7-4-1614(d)(1) (providing that a reviewing court should grant relief if the court determines that a person seeking judicial relief has been prejudiced by a zoning decision that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"). We can conceive of no legal justification for refusing to issue a document that does nothing more than accurately state the law. Moreover, Monster Trash has clearly shown prejudice resulting from the refusal, as it is entirely possible that the County's refusal is the only thing keeping Monster Trash from obtaining their State-issued license at this point. Consequently, we reverse the judgment of the trial court and remand with instructions to, within thirty days of the certification of this memorandum decision, order the BZA to issue a document to IDEM and/or Monster Trash confirming that zoning requirements are not required for the location of a solid waste transfer station on the Property.

[10] We reverse the judgment of the trial court and remand with instructions.

Najam, J., and Mathias, J., concur.